PEOPLE OF THE TERRITORY OF UTAH, Com-      6   347
PLAINANT, v. JOHN W. BLACKBURN, Respondent.     25   341

CRIMINAL LAW.—SUSPENDING SENTENCE.—A court.has power to sus-
pend sentence after a defendant has been convicted, for stated
periods from time to time for good reasons, but it is no doubt
the duty of the court where the remedies known to the law are
exhausted, to proceed to sentence within a reasonable time.

CRIMINAL LAW.—MANDAMUS..—DISTRICT JUDGE.—On an application
for a mandamus to compel the district judge of the first district
to proceed to sentence a defendant theretofore convicted in that
court, upon whom sentence had been indefinitely suspended,
where it appears that the said defendant was convicted of vol-
untary manslaughter, and when called for sentence, the judge
had suspended sentence upon him indefinitely, and the punish-
ment prescribed by statute was not exceeding five years, *held*
that it would be presumed that the judge in suspending sen-
tence intended to impose only a nominal penalty, making the
passing of sentence a mere form, and that *mandamus* would not
issue to compel a judge other than the one who had tried the
case and suspended sentence, to proceed to sentence the defend-
ant.

PETITION for a writ of mandamus in the supreme court.

*Mr. Charles S. Varian*, U. S. Attorney, for the com-
plainant.

*Mr. W. H. Dickson*, and *Messrs. Thurman, Sutherland*
and *King* for the respondent.

HENDERSON, J.

This is an application for a writ of mandate directing
the defendant to proceed to sentence one Pardon Dodds
for the crime of voluntary manslaughter, of which he
stands convicted in the first district court. The case is
brought to hearing upon a return made by the defendant
to an alternative writ heretofore issued, from which it ap-
pears that in February, 1889, the said Pardon Dodds was
indicted for the crime of murder; that he was arraigned,

and pleaded not guilty; that in September following he was put upon trial in the first district court at Provo, before a jury and the Honorable JOHN W. JUDD, the then presiding judge; that on the 26th day of September the jury rendered a verdict of guilty of voluntary manslaughter, and thereupon the court, by an order duly entered, appointed October 10, 1889, as the time for passing judgment upon such conviction. On the 10th day of October, the prisoner being present, and Judge JUDD presiding, the district attorney moved for judgment and sentence, and the prisoner, by his counsel, moved the court that sentence and judgment be indefinitely suspended during good behavior; and thereupon the court, by an order entered in its minutes, reciting the good and sufficient reasons were made to appear therefor, granted the defendant's motion, and suspended sentence during good behavior. On the 15th day of October Judge JUDD having resigned, he was succeeded by Judge BLACKBURN, the defendant. On the 21st day of October, at a session of court then being held, and Judge BLACKBURN presiding, the district attorney moved the court for an order appointing a time for pronouncing judgment, which the court refused, and still refuues to proceed to sentence. Upon this record we are asked to issue a mandate to the defendant to proceed to judgment and sentence.

Ample authority is vested in the court by the statutes of the territory and rules of practice to set aside verdicts for errors or want of proof to support them; but this power was not invoked in this case, and Dodds stood convicted before the court of the crime of voluntary manslaughter by a verdict which was in full force and effect. After conviction the trial court may, undoubtedly, suspend judgment temporarily, for stated periods, from time to time. It may be proper to do so to allow the defendant time to move for a new trial, to perfect an appeal, to present a petition for pardon, and to allow the court time to consider and determine the sentence to be imposed. *People* v. *Reilly*, 53 Mich. 260, 18 N. W. Rep. 849; Whart. Crim. Pl. Sec. 913; *Com.* v. *Dawdican*, 115 Mass. 133; *State* v. *Addy*, 43 N. J. Law, 113. But when a defendant stands

convicted, and all the remedies provided by law for testing the correctness of the conviction have been exhausted or waived, we have no doubt it is the duty of the court to keep control of the case, and within a reasonable time to proceed to give judgment, and in doing so exercise such discretion as the statute governing the particular offense commits to the court. The authority to wholly relieve parties from a conviction for crime is not given to the courts, but belongs to the pardoning power. *People v. Morrissette,* 20 How. Pr. 118; *People v. Reilly,* 53 Mich. 260, 18 N. W. Rep. 849; *People v. Brown,* Mich. 19 N. W. Rep. 571. It is apparent from this record that it was not intended by the court to temporarily suspend judgment, but, on the contrary, to entertain the prosecution no further, and to discharge the defendant therefrom without sentence. The statute (Comp. Laws 1888, Sec. 4457) which prescribes the punishment for voluntary manslaughter, the crime for which Dodds stood convicted, is as follows: "Voluntary manslaughter is punishable by imprisonment in the penitentiary not exceeding five years." It will be seen by this statute the largest discretion is vested in the court. It extends from a maximum imprisonment in the penitentiary down to the least appreciable space of time; no minimum being designated. No doubt the legislature, in committing this discretion to the court, recognized the fact that there might be extreme cases where a party might legally be guilty of a crime, and yet the circumstances be such that the penalty should be purely nominal. Of course, such a case would be an extreme one, but it can readily be imagined. On the other hand, the case may be such as to require the extreme penalty provided for by the statute. Within these limits, then, the court, in this case, was authorized to exercire its discretion. It might have designated a term of imprisonment so brief that the prisoner could not have reached the penitentiary before it expired or, if he did, that would only have required him to be received and discharged. We think it is to be presumed from this record that the learned judge who presided at the trial, and heard all the testimony, in his discretion determined that this was a case in which the

lightest penalty which by law he was authorized to inflict should be imposed; and, that being purely nominal and requiring of the officers to execute it a merely perfunctory duty and useless expense, he refused to pass sentence at all. This, we think, is the reasonable presumption. From this record we are to presume official integrity and propriety, rather than the contrary. No cause is presented in this record for reviewing the discretion of the court below. If that could be done, the facts upon which the discretion was exercised are not before us. The question presented to us is whether we shall issue a peremptory mandate requiring the court to proceed to inflict the penalty. We think not, especially in view of the fact that the writ would require another judge than the one that heard the evidence and presided at the trial to pass the sentence. While we have no doubt, as before stated, that it is the duty of the court in which a conviction is had to proceed to judgment within the limits prescribed by law for the exercise of its discretion, and that it cannot rightfully exercise the pardoning power by refusing judgment, but that, where the statute prescribing the punishment for a crime only fixes a maximum punishment, thereby expressly authorizing the court, in its discretion, to fix any degree of punishment from such maximum down to a purely nominal punishment, and it is apparent from the record that the court, in the exercise of such discretion, had determined that the lowest possible punishment should be inflicted, the failure of the court to pass judgment is more a matter of form than substance. The mandate of this court would only require the performance of a technical duty. For this reason we do not think we are called upon to interfere by issuing the writ asked for. The writ should be denied.

ZANE, C. J., and ANDERSON, J., concurred.