# REPORTS OF CASES

# THE SUPREME COURT

OF THE

# STATE OF UTAH.

---

## FEBRUARY TERM, 1903.

---

## IN THE MATTER OF RICHARD FLINT, Petitioner.

### No. 1448.   (71 Pac. 531.)

**Criminal Law: Jurisdiction: Indefinitely Suspending Sentence.**

The court, by indefinitely suspending sentence, and permitting defendant to go on his own recognizance, loses jurisdiction of him, so that it can not afterwards have him rearrested, and sentence him; no authority therefor being given by Revised Statutes 1898, section 4905, providing that after a verdict of guilty, the court must appoint a time for pronouncing judgment at least two days after the verdict, if the court is to remain in session so long, and section 4915, providing that the court shall then pronounce judgment, in the absence of cause for not doing so.[1]

(Decided February 13, 1903.)

Original petition for a writ of habeas corpus. The writ was duly issued, served and return made. The facts are stated by the court.

PETITIONER DISCHARGED.

*John E. Bagley, Esq.,* for petitioner.

---

[1] People v. Blackburn, 6 Utah 347; 23 Pac. 759.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W. R. White,* Deputy Attorney-General, for the State.

### STATEMENT OF FACTS.

On the 25th day of February, 1902, the defendant in this case was duly convicted in the second judicial district court of this State of the crime of forgery. The court made an order directing the defendant to appear March 5, 1902, for sentence. The case was again continued, and March 12, 1902, was fixed as the time for pronouncing judgment. The defendant appeared for sentence on the last mentioned date, and the court on its own motion, made and entered the following order: "The defendant having been convicted of the crime of forgery, and being now before the court to receive sentence, and the court being sufficiently advised, it is ordered that sentence be, and the same is hereby, suspended, and the defendant permitted to go upon his own recognizance." The defendant, by this order, was, in effect, discharged from custody. On the 5th day of December, 1902, the judge before whom the defendant was tried and convicted made and entered the following order in the case: "On motion of A. B. Hayes, Esq., district attorney, it is ordered that said defendant appear before the court for sentence on Monday, January 5, 1903." On January 5, 1903, the time for fixing sentence was continued until January 12, 1903, on which date the defendant appeared in court, and duly objected to any further proceedings in the premises on the ground that the court had no jurisdiction of the person of the defendant. The court overruled the objection, and sentenced the defendant to the state prison for a term of one year, and made an order duly committing him to the proper officers, with directions that the judgment be enforced. The defendant filed his petition in this court for a writ of habeas corpus, setting forth the foregoing facts. The writ was duly issued, served, and return made to this court.

McCARTY, J., after stating the facts, delivered the opinion of the court.

Section 4905, Revised Statutes 1898, so far as material to this case, reads as follows: "After a . . . verdict of guilty . . . if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment, which must be at least two days after the verdict, if the court intends to remain in session so long; or if not, as remote a time as can reasonably be allowed." Section 4913 provides: "When the defendant shall appear for judgment, he must be informed by the court, or by the clerk under its direction, of the nature of the charge against him, and of his plea, and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him." Section 4915 is as follows: "If no sufficient cause is alleged or appears to the court why judgment should not be pronounced, it must thereupon be rendered." The record shows that the proceedings in the case up to the time "fixed for passing sentence were regular, and the foregoing provisions of the statute complied with. Therefore the only question for this court to determine is, did the court, by indefinitely suspending the sentence, lose jurisdiction of the person of the defendant, or did it still retain jurisdiction, with legal power and authority to sentence him to the State prison eleven months after he had been discharged from custody? Under the foregoing provisions of the statute, a trial court undoubtedly has the authority to postpone sentence from time to time for a proper purpose, such as to inform itself of the circumstances surrounding the commission of the crime for which the defendant stands convicted, and thereby determine what penalty, under the facts of the particular case, ought to be imposed, and also to enable the defendant to make the necessary preparations to move for an arrest of judgment or for a new trial. In fact, there are many exigencies that could arise which might, in the

interests of justice, require a postponement of the time for sentence beyond that first fixed by the court. In such cases the court may, in order to protect the interests of the State, and give the defendant ample time and opportunity to avail himself of every safeguard guaranteed him by law, suspend sentence from one designated time to another. But we know of no rule or principle of law whereby a court can indefinitely suspend sentence, keep the defendant in a state of suspense and uncertainty, and, long after he has been discharged from custody, have him rearrested, and impose a sentence of either fine or imprisonment on him. A suspension of sentence for an indefinite period is, in effect, an exercise of the functions of the pardoning power, which belongs exclusively to the board of pardons—a separate and distinct department of the State government, and in no way connected with the trial courts. See section 12, art. 7, Const.; People v. Blackburn, 6 Utah 347, 348, 23 Pac. 759. When the court suspended judgment indefinitely, and ordered the defendant discharged from custody, it no longer had jurisdiction over him, and all subsequent proceedings in the premises were unauthorized by law, and are therefore void. In re Strickler (Kan.), 33 Pac. 620; People v. Kennedy, 58 Mich. 372, 25 N. W. 318; U. S. v. Wilson (C. C.), 46 Fed. 748; People v. Allen (Ill.), 39 N. E. 568, 41 L. R. A. 473; Weaver v. People, 33 Mich. 296; People v. Morrisette, 20 How. Prac. 118. The case of People v. Blackburn, supra, cited and relied upon by the Attorney-General in support of his contention that the proceedings of the trial court were regular and should be upheld, supports the foregoing conclusions. In that case the court says: "After conviction the trial court may, undoubtedly, suspend judgment temporarily, for stated periods, from time to time. It may be proper to do so to allow the defendant time to move for a new trial, to perfect an appeal, to present a petition for pardon, and to allow the court time to consider and determine the sentence to be imposed. But when a defendant

stands convicted and all the remedies provided by law for testing the correctness of the conviction have been exhausted or waived, we have no doubt it is the duty of the court to keep control of the case, and within a reasonable time to proceed to give judgment, and in doing so exercise such discretion as the statute governing the particular offense commits to the courts."

The conclusion is irresistible that the commitment by which the defendant is restrained of his liberty is illegal. It is ordered that he be discharged.

BASKIN, C. J., and BARTCH, J., concur.