STATE v. CARMEN.

No. 2588.   Decided April 18, 1914 (140 Pac. 670).

1. INDIANS—INTOXICATING LIQUORS—CRIMINAL PROSECUTIONS—APPLICABILITY OF STATUTES. Laws 1911, chap. 106, regulating traffic in intoxicating liquors, was intended to supersede all laws upon the subject, except those clearly not repugnant thereto, and section 30, making the sale, etc., of liquor to an Indian a misdemeanor, is so repugnant to Comp. Laws 1907, sec. 4298, making such sale, etc., to an Indian "or person living . . . with an Indian woman" a felony as to repeal it, at least as to an offense not within the words quoted.[1] (Page 355.)

2. INDIANS—INTOXICATING LIQUORS—CRIMINAL PROSECUTIONS—APPLICABILITY OF STATUTES. Comp. Laws 1907, sec. 4488, providing that an act or omission punishable in different ways by different proceedings may be punishable under either provision, but not under more than one, cannot be considered as intended to authorize the enforcement of both Comp. Laws 1907, sec. 4298, making the sale of liquors to an Indian a felony, and

----

[1] Pleasant Grove City v. Lindsay, 41 Utah, 154, 125 Pac. 389.

44 Utah 23

also Laws 1911, chap. 106, sec. 30, making it a misdemeanor, as that would enable the county attorney to discriminate between offenders by charging the violation of either statute according to his whim.   (Page 356.)

3. CONSTITUTIONAL LAW—VALIDITY OF STATUTE—REASON FOR ENACTMENT.   The reason for the enactment of a statute is wholly immaterial, except as it may throw light on the intention of the legislature.   (Page 356.)

4. STATUTES—REPEAL—IMPLIED REPEAL BY REPUGNANT ACT.   While repeals by implication are not favored, where later provisions are clearly repugnant to existing provisions, the later ones control, and the earlier provisions must be deemed repealed by implication to the extent of the repugnancy.[2]   (Page 356.)

5. CRIMINAL LAW—APPEAL—DISPOSITION OF CAUSE—SETTING ASIDE SENTENCE AND REMANDING FOR RESENTENCE.   Under Comp. Laws 1907, sec. 4977, providing that "the court may reverse, affirm or modify the judgment or order appealed from, and may set aside, affirm, or modify any or all proceedings, subsequent to or dependent upon such judgment or order, . . . " where a defendant was convicted and sentenced as for a felony, whereas, the offense was only a misdemeanor, which was the only objection raised, the court could set aside the sentence; but, not having power to pronounce sentence, it was necessary to remand for resentence.   (Page 359.)

APPEAL from District Court, Fourth District; *Hon A. B. Morgan,* Judge.

Luther Carmen was convicted of selling intoxicating liquor to an Indian and from the sentence imposed he appeals.

SENTENCE SET ASIDE AND CASE REMANDED WITH DIRECTIONS.

*J. W. N. Whitecotton* and *T. W. O'Donnell* for appellant.

*A. R. Barnes,* Attorney-General, and *E. V. Higgins* and *G. A. Iverson,* Assistant Attorneys-General, for the State.

---

[2] Marioneaux v. Cutler, 32 Utah, 475, 91 Pac. 355.

FRICK, J.

The appellant was charged with and convicted of a felony, and sentenced to imprisonment in the Utah State Prison, from which sentence he appeals.

It was charged in the information that appellant "unlawfully, willfully, and *feloniously* did sell,. give, barter, and dispose of intoxicating drink, to wit, four pints of whisky, to one Walter Daniels; the said Walter Daniels then and• there being an Indian of the half blood," contrary, etc. The charge and conviction were based on Comp. Laws 1907, section 4298, which, so far as material here, reads as follows:

"Every person who sells, exchanges, gives, barters, or disposes of any intoxicating drink to any Indian of the half or whole blood, *or to any person living or cohabiting with an Indian woman,* shall be guilty of a felony," etc. (Italics ours.)

It will be noticed that appellant is not charged with having offended against that part of the statute which is italicized.

In 1911 the legislature of this state repealed title 39, which consisted of sections 1242 to 1260x1 inclusive, of the Compiled Laws of 1907, and which title constituted all the laws in force in this state relative to the regulation of the traffic in intoxicating liquors except section 4298, which we have quoted. In lieu of title 39 aforesaid the legislature, at the time of its repeal, enacted chapter 106, Laws of Utah 1911, p. 152. In adopting that chapter, the legislature inserted therein a certain provision which was omitted from title 39 aforesaid, and which constitutes section 30 of said chapter, and which provides for the punishment of any person who sells or gives any intoxicating liquor to any Indian except as in that section provided. That section, so far as material here, reads as follows:

"No intoxicating liquor shall be sold to, procured for, or delivered to an Indian, . . . either for his own use or for the use of any person, except for medicinal purposes upon the prescription of a physician."

It will thus be seen that, in adopting section 30 of chapter 106, the legislature covered the subject of selling or bartering intoxicating liquor to Indians, which was not the case under title 39 aforesaid, all of which was repealed by chapter 106. The penalty provided for in section 30 of the act of 1911 is, however, less drastic than the one provided for in section 4298, since a violation of the latter act merely constitutes a misdemeanor, and not a felony. Another matter to which attention should be directed is that the clause we have italicized is entirely omitted from section 30 aforesaid. In view of the state of the law as we have outlined it appellant insists that his conviction for a felony under the charge preferred against him is erroneous, for the reason that section 4298, so far as it covers the offense charged against him, has been repealed, and hence he can be held guilty of a misdemeanor only, and not for a felony. The Attorney-General, on the other hand, contends that the provisions of section 30 are not necessarily repugnant to those contained in section 4298, and hence both sections may stand. It seems to us, however, that the provisions of section 30 in punishing the offense of giving or disposing of intoxicating liquor to an Indian cover precisely the same matter that is covered by section 4298, except perhaps that which we have italicized. The two sections are therefore in direct conflict, in that by the one the act is punishable by a fine or imprisonment in the county jail as a misdemeanor merely, while under the other the same act is punishable in the state prison as a felony. To say that these provisions are not repugnant is to trifle with both words and substance.

We have a statute, however (Comp. Laws 1907, section 4488), which provides:

"An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one."

At first blush the writer had some doubt as to whether the foregoing section did not cover the case in hand. My associates are, however, of the opinion that the sec- **2, 3, 4**

tion just quoted has no application here. Upon reflection I am persuaded that my associates are right. The provision just quoted, if applied to the statute now under consideration, might be so applied as to produce incongruous as well as most inequitable results to say the least. For example, A., who has disposed of intoxicating liquor to an Indian, might be charged with and convicted of a felony, and sentenced to a term in the state prison, while B., who might be equally guilty, but favored by some county attorney as the initial prosecutor, would be charged and convicted of a misdemeanor only, and thus be fined or at most sent to the county jail for thirty days. We do not think that section 4488 was intended to cover cases of this character, and, if it were intended to have such an effect, we should very much doubt its validity. If we adopt the view of the Attorney-General, namely, that both sections may stand and be enforced, the same incongruous results are possible. We therefore should not lightly assume that the lawmaking power intended that two laws upon the same subject should be enforced, under which a vendor could be sent to the state prison for a felony, while under the other he could be convicted of a misdemeanor merely, and whether he was to receive the greater or the lesser punishment be made dependent upon the whim of a prosecuting officer. It may well be doubted whether such method of punishment would not be vulnerable to other objections. The question, then, recurs whether the provisions of section 30 and those of section 4298 are so repugnant as to require us to hold that, inasmuch as section 30 reflects the last expression of the legislature upon the subject, the provisions of section 4298 have been repealed by implication because they are repugnant to each other. It is contended by the state that the provision of section 4298 which we have italicized is not covered, at least not in terms, by section 30, *supra,* and therefore there is nothing in the latter section repugnant to the provision referred to in the former one. While it is true that the language of section 30 is unlike the italicized part of section 4298, yet from that alone it does not necessarily follow that

the provisions of the two sections are not repugnant within the rule of repeal by implication. Whether such is the case, however, is not necessarily involved here, and therefore it is not necessary to determine whether the italicized part of section 4298 is also repealed by implication, and therefore upon that question we express no opinion. The appellant was not charged with the offense denounced in the italicized portion of section 4298, but was charged with and convicted of the offense denounced in that part of said section which is clearly covered by section 30 aforesaid. Under the law as it stood in 1888 (2 C. L. U. section 4586), the offense here in question constituted a misdemeanor, and was punishable as such. It is possible, therefore, that the legislature entertained the view that to punish the act as a misdemeanor has again become adequate punishment, and has returned to the old method; but what view the legislature may have entertained is wholly immaterial to us, except as it may throw light on the legislative intent. The question we must solve is: What is the law? And, when we have solved that question, the reason why it was made the law, while perhaps interesting, is without any force. We have already held (*Pleasant Grove City v. Lindsay,* 41 Utah, 154, 125 Pac. 389) that, in adopting chapter 106, *supra,* the legislature intended to supersede all laws upon the subject of regulating traffic in intoxicating liquors, except such as were not clearly repugnant to the provisions of said chapter. We are of that opinion still. We are forced to the conclusion, therefore, that, in adopting section 30 of chapter 106, all acts and provisions repugnant to that section must be deemed repealed by implication. We have also repeatedly held that, while repeals by implication are not favored by the courts, yet, where the later provisions upon a given subject are clearly and manifestly repugnant to existing provisions, the later ones control, and, so far as they are repugnant to the earlier provisions, the earlier ones must be deemed to be repealed by implication. This is elementary doctrine. See *Marioneaux v. Cutler,* 32 Utah, 475, 91 Pac.

355, and cases there cited. We think the case at bar clearly falls within the doctrine there announced.

The question now arises: What disposition should be made of the case? As pointed out, appellant has assailed nothing, except that he was sentenced for a felony when, under the law, the offense he was charged with constituted a misdemeanor only. The sufficiency of the information is not assailed. The correctness of the verdict of the jury is not questioned. Nor is it contended that the evidence is insufficient to sustain the finding of the jury that he was guilty of the act charged in the information. The only error committed, therefore, consisted in imposing an excessive sentence or penalty for the offense. Under such circumstances we think the provisions of Compiled Laws 1907, section 4977, which define the powers of this court on criminal appeals are applicable. That section reads as follows:

"The court may reverse, affirm, or modify the judgment or order appealed from, and may set aside, affirm, or modify any or all the proceedings, subsequent to or dependent upon such judgment or order, and may, if proper, order a new trial."

The powers exercised by appellate courts under such or similar provisions are clearly stated in 12 Cyc. 937, 938, in the following words:

"In the absence of a statute permitting this to be done, the appellate court has no power to amend or correct the judgment. According to the modern practice, however, and under recent statutes, the appellate court may reform and correct defects in the judgment appealed from and affirm it as thus corrected.

"The appellate court in affirming a conviction may modify the punishment imposed by the trial court by mitigating, reducing, or otherwise changing it so far as it exceeds the limits prescribed by the statute. This rule applies to a fine or a sentence to a term of imprisonment in excess of that permitted by statute; to a fine rendered against defendants jointly; to a sentence on a general verdict of guilty, where one of several counts is unsustained by any evidence; and to a premature sentence."

In the case at bar a sentence should therefore be imposed to conform to the provisions of section 65 of chapter 106, Laws Utah 1911, which section specifies the penalty a court may impose for the violation of section 30 of that chapter. Under the provisions of section 4977, *supra*, we cannot pronounce sentence; but that must be done by the district court in which the conviction was had. (*Hussy v. People*, 47 Barb. (N. Y.) 503; *People v. Griffin*, 27 Hun (N. Y.), 595.)

For the reasons hereinbefore stated, the verdict of the jury must therefore be, and the same is, in all respects held legal and just. The sentence, however, which was imposed by the district court of Wasatch County is set aside and annulled, and the case is remanded to that court, with directions to require the appellant to appear before it and to impose a sentence upon him as provided by section 65 of chapter 106, Laws Utah 1911, and to enforce such sentence. No costs are to be taxed against the appellant either in this or in the district court.

McCARTY, C. J., and STRAUP, J., concur.