Ex parte FOLCK.
FOLCK v. WATSON, Sheriff.

No. 6477.   Decided December 18, 1942.   (132 P. 2d 130.)

See 24 C. J. S., Criminal Law, sec. 2000; 15 Am. Jur., 104.

*John C. Davis,* of Ogden, for appellant.

*J. A. Howell* and *Neil R. Olmstead,* both of Ogden, for respondent.

BRONSON, District Judge.

On appeal from the City Court of Ogden City Glen W. Folck entered a plea of guilty in the District Court for Weber County to a charge of operating a motor vehicle upon a public street while under the influence of intoxicating liquor in violation of an ordinance of Ogden City. The District Judge sentenced the defendant to be "imprisoned in the County Jail of Weber County for a term of six months, and the said defendant is ordered imprisoned in said County Jail." The ordinance involved provides:

"Any person convicted of a violation of this section shall be punished by imprisonment in the City Jail for not less than 30 days, nor more than six months, * * *."

While serving said sentence and while in the custody of respondent, Sheriff of Weber County, the defendant sued out a writ of habeas corpus in the District Court of Weber County. This is an appeal from the order of the District Court denying the writ. The defendant has been at liberty on bail since the order denying the writ was entered.

Appellant's contention is that the sentence imposed upon him is invalid, that the court went beyond its jurisdiction in sentencing him to a place of confinement other than that provided for in the ordinance, to wit, the City Jail. The contention is well founded. Where the law prescribes the place of imprisonment the court is without jurisdiction to direct imprisonment elsewhere. *Frankey* v. *Patten*, 75 Utah 231, 284 P. 318, and cases therein cited.

Weber County and Ogden City maintain jointly a building, two floors of which are devoted to a jail. The City Jail is on the eleventh floor, the County Jail on the twelfth floor, and many of the facilities employed in the care and detention of prisoners are common to both jails. This proceeding is avowedly for the purpose of securing from this court an announcement of the respective duties and obligations of the city and county in this so-called "joint" jail and to secure a definition of the rights and powers of the officers in charge thereof. This court can pass only on questions presented to it involving actual controversies. The validity of the sentence pronounced, is here involved, and nothing else. The responsibility of the District Court is co-extensive with its duty. The duty of the court is to sentence to the place of confinement provided for by law. The establishment and maintenance of a jail is exclusively an executive responsibility of the municipal authorities.

Folck makes no attack upon any of the proceedings had against him except the sentence. He is entitled to be discharged from serving a sentence which is herein declared void, but as he plead guilty to the charge, and it is only the sentence and not the judgment of conviction which is void, it follows that the lower court still has jurisdiction to impose a proper sentence. He cannot escape serving the sentence provided by law merely because the court has erred in pronouncing sentence. In the case of *Lee Lim* v. *Davis,* 75 Utah 245, 284 P. 323, 76 A. L. R. 460, the defendant had been incarcerated in the State Prison nearly three and one-half years under a void sentence and had been released on habeas corpus proceedings by this court. Immediately upon his release from custody he was re-arrested, taken before the trial court and a proper sentence imposed. He again appealed to the Supreme Court from the sentence imposed claiming that the court was without jurisdiction to pass sentence upon him. *State* v. *Lee Lim,* 79 Utah 68, 7 P. 2d 825. It was held that the trial court had jurisdiction to impose a valid sentence because only the sentence was void, and not the judgment of conviction. The defect in the sentence does not adhere in the judgment of conviction. It was further held that mere lapse of time does not divest the court of jurisdiction to re-sentence the defendant. If this was an appeal from the illegal sentence this court would have set aside the sentence as void and remanded the case to the trial court for a valid sentence. *State* v. *Carman,* 44 Utah 353, 140 P. 670. *State* v. *Pitcher,* 164 La. 1051, 115 So. 187, approved by this court in the following language in *State* v. *Lee Lim,* supra:

"There is no principle on which it can be successfully maintained that, by serving part of a void sentence instead of appealing from it, but later attacking it in collateral proceedings, the defendant can obtain immunity from being sentenced to the judgment provided by law." [79 Utah 68, 7 P. 2d 826.]

The case is remanded to the District Court of Weber County with directions to proceed to fix a date for pronouncing any sentence upon defendant in form consistent with the views herein expressed. The respondent, Sheriff Watson, having acted in good faith under what purported to be a valid court order, no costs will be allowed against him.

MOFFAT, C. J., and WOLFE, LARSON, and McDONOUGH, JJ., concur.

PRATT, J., on leave of absence.