262 P.2d 753

**STATE v. FEDDER et al.**

No. 7899.

Supreme Court of Utah.

Oct. 30, 1953.

Theodore Bohn, Ogden, Vernon K. Smith, Boise, Idaho, for appellant.

E. R. Callister, Jr., Atty. Gen., Ken Chamberlain, Asst. Atty. Gen., Glenn W. Adams, Dist. Atty., Ogden, for respondent.

McDONOUGH, Justice.

On February 28, 1951, appellant entered a plea of guilty to a charge of receiving stolen goods valued in excess of $50, a felony. The trial court referred the case to the Adult Probation and Parole Department for investigation and continued the case to March 19. On that date the court placed appellant on probation, requiring him to sign an agreement, which is a standard form drawn up by the Probation Department, providing in substance that the probationer will report monthly, that he will not change his place of residence or employment without approval, that he will not leave the state without permission, that he will not carry concealed weapons nor use intoxicating beverages or narcotics, and that he will obey the law and refrain from illegal transactions. The case was then continued to April 30 for report of the Probation office. On April 30, after hearing the report, the court continued the case to August 13, on which date the further continuance to November 19 was ordered. The defendant did not appear before the court on that date nor at any time thereafter, the court granting continuances for the imposition of sentence to November 26, December 3, December 17, and December 24. On the last date, the court issued a Bench Warrant for the arrest of the defendant, who was finally located in Idaho and resisted extradition.

An Order to Show Cause why the probation should not be revoked by the Court, upon the affidavit filed by the probation officer, was issued returnable June 30, 1952. Defendant, not personally appearing, entered a Motion to Quash the Order on the grounds that (1) no formal adjudication of guilt was ever made and hence the court had no jurisdiction to order probation originally, (2) no written order pronouncing sentence and suspending the execution thereof was ever made, (3) that the court did not prescribe any conditions for the probation and hence there could be no violation of the probation, and (4) defendant's failure to appear in court on November 19 was due to the fact that he had been advised by the probation officer that his appearance was unnecessary. The motion was denied and the case continued to July 3 for hearing on the affidavits of the probation officer and Fedder. The court then found that the probation agreement had been violated, found the defendant guilty on his plea of guilty and fixed the time for sentencing for July 7. Defendant appeals from the court's denial of his Motion to Quash the order and from the judg-

ment of guilt rendered in the absence of the defendant.

 The first question here presented is whether the court lost jurisdiction of the matter by failing to pronounce judgment "at least two days and not more than ten days" after the plea of guilty in accordance with our statute, U.C.A. 1943, 105-36-1 (now U.C.A. 1953, 77-35-1). This court has held that the time fixed by the statute is not jurisdictional, Rose v. District Court, 67 Utah 526, 248 P. 486, and since it is regarded as merely directory the further provision that the judgment should be· rendered within a *reasonable* time has been judicially read into the statute. State v. Lee Lim, 79 Utah 68, 7 P.2d 825. The cases relied upon by the appellant further illustrate this proposition, the court stating in People v. Blackburn, 6 Utah 347, 23 P. 759, 760; "the failure of the court to pass judgment is more a matter of form than of substance,. and finding in In re Flint, 25 Utah 338, 71 P. 531 that the failure of the court to sentence until 11 months after defendant was permitted to go upon his own recognizance with no terms for probation was an *unreasonable* withholding of judgment. · Additionally, it is to be noted· that these two cases were decided before the passage of the probation statute, U.C.A. 1943, 105-36-17, U.C.A. 1953, · 77-35-17, which provides that *"Upon a plea of guilty* or conviction of any crime or offense, if it appears compatible with the public interest, *the court* having· jurisdiction *may*

*suspend the imposition* or the execution *of sentence* and may place the defendant on probation for such period of time as the· court shall determine." The clear meaning of the words of the statute give the· court the power to withhold sentence until such time as the court determines whether or not the prisoner is capable of rehabilitation and that this may be done upon his· plea of guilty. In this case, the withholding of final judgment was not unreasonable· within the interpretation of the judgment statute, U.C.A. 1943, 105-36-1, U.C.A. 1953,. 77-35-1, inasmuch as the court preserved all the rights of the accused, with his consent, while attempting to give him the opportunity to readjust himself to useful citizenship.

 Appellant insists that there must. be a formal adjudication of guilt even though the court has the power to suspend imposition of sentence. This argument is. based upon a technical and needless distinction between the words "judgment" and "sentence" which is not observed at the· common law nor in this jurisdiction. In the technical legal sense, sentence is ordinarily synonymous with judgment, and denotes the action of a court of criminal jurisdiction formally declaring to the accused the legal consequences of the guilt which he has confessed or of which he has. been convicted. 24 C.J.S., Criminal Law,. § 1556, citing cases from Conn., D.C., Ill., Kan., Ky., Me., Mass., Mich., N.C., N.Y.,. Or., Pa., Vt., Wash., W.Va., & U.S, Very

obviously, because of the interchangeable use of the terms "sentence" and judgment," our Code of Criminal Procedure was compiled with this common law definition in mind. The judgment statute, supra, requires that the court await the passage of two days before the imposition of judgment, which is the declaration of legal consequences, to guard against a hasty and possibly impassioned sentence; likewise, the statute requires sentencing within 10 days, which in most cases is a reasonable time, so that the vagaries of memory will not interfere with proper sentencing. As per the quotation from People v. Blackburn, supra, the express determination of guilt is a matter of form and is not necessary to a valid judgment where a finding of guilt may be implied from the record and sentence. Davis v. Utah Territory, 151 U.S. 262, 14 S.Ct. 328, 38 L.Ed. 153.

Appellant further claims that the order suspending the sentence must be in writing, with all the terms of probation there set forth, and signed by the court. He relies upon the cases of State ex rel. Echtle v. Card (State ex rel. Sallee v. Card), 148 Wash. 270, 268 P. 869, 59 A.L.R. 519, the criteria of which cases were met here by the minute entry, signed by the judge, directing that Fedder be placed in the custody of the probation officer. The case of Ex parte Grove, 43 Idaho 775, 254 P. 519, is also cited to us for the proposition that the terms of probation must be made a part of the order in writing, but this case was based, as were In re Flint, supra, and People v. Blackburn, supra, upon such an unreasonable withholding of judgment and permitting defendant to go upon his own recognizance as to amount to a final judgment, releasing defendant from the jurisdiction of the court. The court required Fedder to obey the orders of the probation department; the terms of the probation were clearly set forth in the probation agreement, which, although prepared by the probation officer, was a standard form which the court adopted to apprise the accused of what was expected of him. If appellant had considered any of the terms unjust, he had ample opportunity to present his dissatisfaction to the court on the dates set for hearing and report; however, he had no complaint about the terms and raises now the technicality that the judge did not personally provide all the terms of his probation. This court has construed the probation statute to give the courts the broad discretionary power to suspend sentence "during good behavior", State v. Zolantakis, 70 Utah 296, 259 P. 1044, 1047, 54 A.L.R. 1463, and to place the defendant in the custody of a probation officer with reports made to the court from time to time, Williams v. Harris, Warden, 106 Utah 387, 149 P.2d 640. The terms of the probation were brought to the attention of the appellant here much more definitely than those of the Zolantakis case, supra, and, like the Williams case, supra, although no definite date was set for the termination of the probation, the court exercised its

discretionary power to observe the progress of appellant from definite date to definite date in order to determine whether he should be sentenced or the plea of guilty set aside and the defendant discharged.

Appellant's contention that the trial court erred in revoking the probation is not argued in his brief and we find nothing in the record indicating that the hearing on the affidavits of the parole officer and appellant was not properly conducted. The determination that he had violated his probation is clearly indicated by the evidence.

As we have discussed the meaning of judgment supra, the trial court's act in later adjudging Fedder guilty was an unnecessary act, and hence cannot be held to be error.

Our statute, U.C.A. 1943, 105–36–3, U.C.A. 1953, 77–35–3, requires: "For the purpose of judgment, if the conviction is for a felony, the defendant must be personally present; if for a misdemeanor, the judgment may be pronounced in his absence." It is the majority view that a defendant cannot waive his presence at the time of sentence under a statute such as this by voluntarily absenting himself at the time set, 15 Am.Jur., Criminal Law, § 456. Thus, although the court has committed no error, the court must use the means available to it for bringing the defendant before the court for the pronouncement of sentence. The case is remanded for further proceedings.

WOLFE, C. J., and CROCKETT, and WADE, JJ., concur.

HENRIOD, J., concurs in the result.