479 P.2d 791

**Albert Nolan BELT, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 11936.**

Supreme Court of Utah.

Jan. 20, 1971.

Henriod, J., dissented and filed opinion in which Callister, C. J., concurred.

Richard C. Cahoon, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Harry E. McCoy, Asst. Attys. Gen., Salt Lake City, for defendant and respondent.

TUCKETT, Justice:

Albert Nolan Belt, the plaintiff herein, appeals from a dismissal of his petition for a writ of habeas corpus.

On October 14, 1968, the plaintiff entered a plea of guilty to the charge of issuing a fraudulent check in the sum of $10 in violation of Section 76–20–11, U.C.A.1953. Thereafter, on October 28, 1968, the court placed plaintiff on probation without the imposition of sentence, one of the conditions being that plaintiff serve six months in the Weber County jail with the proviso that the term be reduced to approximately one-half if the plaintiff were a model prisoner. After the plaintiff's release from confinement and while he was still on probation he violated the order placing him on probation by leaving the state of Utah without permission. On September 25, 1969, the plaintiff was brought before the court to answer for the alleged violation. The plaintiff admitted violating the order of probation and the court revoked the order and sentenced the plaintiff to serve a term of not to exceed five years in the Utah State Prison.

232

After the plaintiff's incarceration in the Utah State Prison, he filed a petition for a writ of habeas corpus, which petition was denied in the court below. On appeal the plaintiff seeks a reversal upon two grounds: (1) the plaintiff was sentenced under the wrong statute; and (2) the district court imposed a dual punishment upon the plaintiff in excess of that provided by statute.

■ At the time the information was filed against the plaintiff, Section 76–20–11, U.C.A.1953, provided that the offense there dealt with was punishable by imprisonment in the county jail for not more than one year, or in the State Prison for not more than five years. The plaintiff claims that the court's order of probation requiring him to serve six months in the county jail was in effect a sentence pursuant to the statute and that he could not thereafter be sentenced to be incarcerated in the State Prison. It is quite plain from the record that the trial judge at the time he placed the plaintiff on probation made a condition for confinement in the county jail as a part of a program of rehabilitation rather than a sentence under the statute above referred to and it was therefore an exercise of clemency on the part of the court.

■ There is merit to the plaintiff's contention that he was sentenced under the wrong statute. After the plaintiff had entered a plea of guilty to the charge made against him and prior to the imposition of sentence in this matter, the legislature amended the law so as to provide that the offense here charged against the plaintiff is punishable by a fine or by imprisonment in the county jail for not more than six months. A new policy having been adopted by the legislature concerning the punishment for the offense we are here concerned with it should inure to the defendant's benefit even though the offense had been committed and the plea thereto made prior to the amendatory legislation.

It is noted that the 1969 amendment to Section 76–20–11, U.C.A.1953, failed to make any provision as to the disposition of cases pending at the time the act became effective. The Attorney General calls our attention to the provision of Section 68–3–5, U.C.A.1953, which provides as follows:

The repeal of a statute does not revive a statute previously repealed, or affect any right which has accrued, any duty imposed, any penalty incurred, or any action or proceeding commenced under or by virtue of the statute repealed.

It is doubtful whether the general language of this section was intended to apply to criminal statutes and in any event in this case no penalty was incurred until the sentence was pronounced.

The New York Court of Appeals had this to say in a case[1] similar to the one before us:

> This application of statutes reducing punishment accords with the best modern theories concerning the functions of punishment in criminal law. According to these theories, the punishment or treatment of criminal offenders is directed toward one or more of three ends: (1) to discourage and act as a deterrent upon future criminal activity, (2) to confine the offender so that he may not harm society and (3) to correct and rehabilitate the offender. There is no place in the scheme for punishment for its own sake, the product simply of vengeance or retribution. (See Michael & Wechsler on Criminal Law and its Administration [1940], pp. 6–11; Note, 55 Col.L.Rev., pp. 1039, 1052.) A legislative mitigation of the penalty for a particular crime represents a legislative judgment that the lesser penalty or the different treatment is sufficient to meet the legitimate ends of the criminal law. Nothing is to be gained by imposing the more severe penalty after such a pronouncement; the excess in punishment can, by hypothesis, serve no purpose other than to satisfy a desire for vengeance. As to a mitigation of penalties, then, it is safe to assume, as the modern rule does, that it was the legislative design that the lighter penalty should be imposed in all cases that subsequently reach the courts.

■■ We remain aware that where an improper sentence has been imposed, the correct procedure is to remand for the imposition of the correct sentence.[2] Nevertheless, in the instant case we note that the plaintiff appears to have served longer time than the statute prescribes for the offense of which he was convicted. We have confidence that the trial court will be aware of the time already served under the improper sentence and are certain that he will make due allowance therefor when he imposes the sentence now required by law.

ELLETT and CROCKETT, JJ., concur.

HENRIOD, Justice (dissenting).

State v. Miller controls here.[1] Mr. Justice Tuckett concurred in that case, which dispelled any concern about the applicability of this case to criminal responsibility. That case, except for time of sentencing, is identical to this.

The main opinion must concede that the defendant is compromising this court by the simple device of absenting himself, in

1. People v. Oliver, 1 N.Y.2d 152, 151 N.Y.S.2d 367, 134 N.E.2d 197; In re Estrada, 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948; In Re William J. Daup, 63 Cal.2d 754, 48 Cal.Rptr. 181, 408 P.2d 957.

2. Folck v. Watson, 102 Utah 470, 473, 132 P.2d 130.

1. 24 Utah 2d 1, 464 P.2d 844 (1970).

complete defiance of his agreed conditions for probation, from appearance at court on the date for his sentence, which was long before the effective date of the statute that he now invokes. This, with due apology to my learned colleague, Mr. Justice Tuckett, and with due respect for Mr. Cahoon, appointee of the court, who has spent a good deal of time on this case.

There is no justification for the main opinion in this case, unless we overrule State v. Miller, supra, or indulge in that sweet but forbidden luxury of legislating.

Mr. Richard Cahoon deserves our thanks for his uncompensated efforts in assisting the defendant and this court, but incidentally disagreeing with this dissent.

CALLISTER, C. J., concurs in the dissenting opinion of HENRIOD, J.