519 P.2d 1340

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Gary R. SAXTON, Defendant and Appellant.**

**No. 13500.**

Supreme Court of Utah.

March 7, 1974.

Gary R. Saxton, pro se.

Vernon B. Romney, Atty. Gen., M. Reid Russell, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Gary R. Saxton seeks reversal of his conviction for passing a check for $250 without sufficient funds or credit in violation of Section 76–20–11, U.C.A.1953. Upon a trial to a jury, at which he was represented by counsel, he was convicted of the offense on August 6, 1971. He was out on bond; and he failed to appear at the time set for the imposition of sentence. A bench warrant was issued on August 26, 1971, but the defendant could not be found. He was next heard of in May 1972, when the district attorney received notice that he was incarcerated in the Federal Correction Institution in Lompoc, California. Included therewith was a request by defendant for disposition of the instant charge,[1] and an offer by the federal authorities to deliv-

1. This was an effort to invoke the interstate agreement on detainers to which Utah is a party, Secs. 77–65–4 through 77–65–11, U.C.A. 1953 (Supp.), which requires disposition of pending charges within 180 days after demand. This compares with Sec. 77–65–1 which requires disposition of pending charges against the one incarcerated within this state within 90 days of the request.

er temporary custody for that purpose. Utah responded that this defendant had been convicted in the case, and requested notification of his release.

In January 1973, a motion was made on defendant's behalf that the Utah detainer against him be dropped and that the charge be dismissed because it had not been disposed of in the time required in accordance with his request. He is obviously not entitled to any relief in that regard. The request for disposition of charges pending against a prisoner relates only to retried charges; and is not purposed to provide relief after conviction.

Upon defendant's release from Lompoc he was returned to Utah and sentence of an indeterminate term of not to exceed five years in the Utah State Prison was imposed.

Defendant essays the not unfamiliar contention that there was not sufficient evidence to establish his guilt. Particularly, he argues that there was not evidence to show that there was not sufficient funds or credit with the Bank of Boise, Idaho, to cover his check. This seems to invite us to blind ourselves to the dishonored check. Related to this, he argues that he should have been given the benefit of the extradition of witnesses procedure [2] to have a vice president of the bank brought from Idaho to testify. If there had been any merit to defendant's contention that the testimony of a vice president of the Bank of Boise would have shown that he had sufficient funds or credit to cover the spurious check, there is no reason whatsoever why this could not have been done. While there is no transcript before us, it is obvious that any further exploration of this fact could have been done by correspondence or by deposition; and there is no indication that any such attempt was made.

Defendant contends that the Utah court had no jurisdiction over the offense, because proof of one of its essential elements, the insufficiency of funds in the Idaho bank, was outside the state. The contention is without merit. The essential wrong in the passing of a worthless check is the cheating and defrauding of the payee. This occurred in Utah; and the Utah courts have jurisdiction to deal with the offense, even though proof of some of the facts in the total scheme of the crime may extend into another state.[3]

Defendant also raises the issue that the trial court lost jurisdiction over him for purposes of this case because it released him on his own recognizance; and because the imposition of sentence was in-

2. Sec. 77–45–13, U.C.A.1953.

3. State v. Roderick, 9 Ariz.App. 19, 448 P.2d 891, 893 (1968); State v. Scofield, 7 Ariz. App. 307, 438 P.2d 776, 784 (1968); 21 Am. Jur.2d, Criminal Law, Sec. 385 (1965); 22 C.J.S. Criminal Law § 133b (1961), and cases and authorities cited therein.

definitely postponed. He relies on the case of In Matter of Flint,[4] where the court in fact lost jurisdiction. Comparison will show that the facts in that case have very little resemblance to this one, and that it is not applicable here. It is true that Section 77–35–1, U.C.A.1953, provides that sentence be imposed within two to ten days after the verdict. This requirement has been held to be directory only. The time may be extended for the convenience of and/or at the request of the defendant. More importantly, the defendant certainly cannot absent himself and prevent the imposition of sentence until after that time has expired, and then take advantage of his own wrong by insisting that the court is without jurisdiction to impose the proper sentence.[5]

■ Defendant challenges the sentence imposed on him of not more than five years in the state prison as provided in Section 76–20–11, U.C.A.1953, which was the law at the time of the commission of the offense. He urges that he is entitled to be sentenced under the corresponding bad check statute in the newly adopted Criminal Code, Section 76–6–505 (Pocket Supplement) which makes the offense a Class A misdemeanor with a penalty of imprisonment for not more than one year or a fine not exceeding $1,000. We have heretofore held in Belt v. Turner,[6] and State v. Tapp,[7] that if the penalty for an offense is reduced prior to the imposition of sentence, the defendant is entitled to the benefit of the lesser punishment.

The State argues that Section 76–1–103(2) of our new criminal code contains a savings clause which changes the law on this proposition. That section provides:

Any offense committed prior to the effective date of this code shall be governed by the law, statutory and *non-statutory, existing at the time of commission thereof,* except that a defense or limitation on punishment available under this code shall be available to any defendant tried or retried after the effective date. [Emphasis added.]

The "non-statutory" law "existing at the time of commission" of this crime included the rule stated above: that if the penalty for a crime is reduced before sentence, the defendant is entitled to the lesser penalty. The fact that the final "except" clause confers further assurance that anyone "tried or retried" after the effective date of the act shall *also* have the benefit of a change to a lesser penalty, should not be regarded as depriving this defendant of that benefit. Inasmuch as the effective

---

4.  25 Utah 338, 71 P. 531 (1903).

5.  See State v. Fedder, 1 Utah 2d 117, 118, 262 P.2d 753 (1953) and cases cited therein.

6.  25 Utah 2d 230, 479 P.2d 791 (1971).

7.  26 Utah 2d 392, 490 P.2d 334 (1971).

date of the code was July 1, 1973[8] and the defendant was not sentenced until July 31, 1973, he is entitled to the lesser sentence.

■ Defendant also argues that he was deprived of his constitutional right to be represented by competent counsel at his trial.[9] This charge is unsupported except by his naked asssertion, a charge so patently spurious as not to be worthy of comment, except to note and reject it.[10]

In accordance with what we have said herein, the conviction is affirmed, but the case is remanded for the purpose of imposing the proper sentence as stated above.[11]

No costs awarded.

ELLETT and TUCKETT, JJ., concur.

HENRIOD, Justice (dissenting).

I dissent. The author of the main opinion originally said in an opinion that is now changed, the opposite of what is now espoused, when he said:

"However, in the adoption of the new code, the legislature has dealt with this problem in Section 76-1-103(2) by providing:

Any offense committed prior to the effective date of this code shall be governed by the law, statutory and non-statutory, existing at the time of commission thereof, except that a defense or limitation on punishment available under this code shall be available to any defendant tried or retried after the effective date. "This defendant had been tried and convicted in August 1971 for an offense committed prior to that time. He has been neither 'tried nor retried' after the effective date of the new code which was July 1, 1973. Thus, according to the statute just quoted, his 'offense committed prior to the effective date of this code shall be governed by the law . . . existing at the time of the commission thereof . . .,' and he was properly sentenced thereunder."

I concurred in the language quoted above, which better could not have been enunciated, and I think it is, always has been, and should be the law in cases like this,—so,—what must I do but dissent in this case,—which I do do in consonance with my convictions,—not knowing about or the reason for the turnabout, and I suppose should care less, if the majority of this court exspouses it.

CALLISTER, C. J., concurs in the views expressed in the dissenting opinion of HENRIOD, J.

8. Sec. 76-1-102, U.C.A.1953 (Supp.).

9. Utah Constitution, Art. I, Sec. 12.

10. See comment in Whetton v. Turner, 28 Utah 2d 47, 497 P.2d 856.

11. That this is the correct procedure see Ex parte Folck, 102 Utah 470, 132 P.2d 130.