502 P.2d 552

**The STATE of Utah, Plaintiff and Appellant,**

v.

**Sam B. CONOVER, Defendant and Respondent.**

**No. 12911.**

Supreme Court of Utah.

Oct. 30, 1972.

Tuckett, J., dissented and filed opinion.

Henriod, J., concurred in dissenting opinion of Tuckett, J., and filed a dissenting opinion.

Vernon B. Romney, Atty. Gen., David S. Young, William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff and appellant.

S. Rex Lewis, Howard & Lewis, Provo, for defendant and respondent.

ELLETT, Justice:

The defendant herein was charged by complaint filed February 1, 1972, and subsequently by an information with selling a stimulant drug (methamphetamine) on December 19, 1971. The trial court on motion of the defendant quashed the information and dismissed the case. The State has appealed that ruling pursuant to the provisions of Section 77–39–4, U.C.A.1953, which states that "An appeal may be taken by the state: (1) From a judgment of dismissal in favor of the defendant upon a motion to quash the information or indictment."

Prior to January 1, 1972, it was unlawful for persons (other than those described in the statute) to sell any depressant or stimulant drug to any other person.[1] The penalty for violation of the statute was imprisonment for not more than one year or a fine of not more than one thousand dollars or both such imprisonment and fine, etc.[2]

The statutes above referred to were repealed effective January 1, 1972, by Laws of Utah 1971, Chapter 145, wherein new

---

1. Laws of Utah 1967, Chapter 140, § 6(b).

2. Laws of Utah 1967, Chapter 140, § 4(a).

penalties were provided for unlawful conduct set out in the chapter. Section 18 of Chapter 145 provides, in part, as follows:

(1)(a) Prosecution for violation of any law or offense occurring prior to the effective date of this act shall not be affected by this act; provided, that sentences imposed after the effective date of this act may not exceed the maximum terms specified and the judge has discretion to impose any minimum sentence.

In this case the defendant was accused of violating the law as it existed on December 19, 1971. He contends, and the trial judge apparently believed, that he cannot now be prosecuted because the prosecution was not commenced prior to the effective date of the repeal of the law under which he was accused. In other words, the defendant would like this court to declare a moratorium for all violations of the old statute unless prosecution therefor was commenced before the effective date of the repealing law, even if the crime was committed one minute before midnight on December 31, 1971.

There is a general statute [3] which provides:

No offense committed, and no penalty or forfeiture incurred, under any statute hereby repealed before the repeal takes effect shall be affected by the repeal, except that when a punishment, penalty or forfeiture is mitigated by the provisions herein contained such provisions shall be applied to a judgment pronounced after the repeal.

The repealing statute specifically provides that prosecutions for *violations occurring prior to the effective date* thereof "shall not be affected by this act; . . ." There is a provision in the act which states that sentences imposed after the effective date must not exceed the maximum terms specified in the new act.

This language is clear and unambiguous. The defendant can be prosecuted for his criminal acts, if any, committed prior to January 1, 1972, and the only effect of the new act is to serve as a limitation on the penalty to be inflicted for violating the old law.

The judgment of the court is reversed, and the case is remanded for further proceedings under the information.

CALLISTER, C. J., and CROCKETT, J., concur.

TUCKETT, Justice (dissenting):

I dissent. It appears to me that the majority opinion bases an erroneous grammatical construction on the language of the statute we have under consideration. The pertinent provision of the statute is set

---

3. Section 63-2-3, U.C.A.1953.

forth in the majority opinion and I repeat it here:

(1)(a) Prosecution for violation of any law or offense occurring prior to the effective date of this act shall not be affected by this act; provided, that sentences imposed after the effective date of this act may not exceed the maximum terms specified and the judge has discretion to impose any minimum sentence.

(2) This act does not affect rights and duties that mature, penalties that are incurred, and proceedings that are begun before its effective date.

The subject of that sentence comprising Section (1)(a) of the Drug Abuse Control Law is the word "prosecution" rather than the phrase "violation of any law or offense occurring prior to the effective date" as assumed by the language of the majority opinion. This interpretation is further borne out by the latter portion of subparagraph (2) which reads: ". . . and proceedings that are begun before its effective date."

The majority opinion also cites provisions of Section 68–2–8, U.C.A.1953, as being in support of its opinion. However, the legislature in drafting and adopting the Drug Abuse Control Law included a specific savings clause as a part thereof which would be controlling in this case. Had the legislature omitted entirely a savings clause then the general statute would have some application.

I would affirm the decision of the court below.

HENRIOD, Justice (concurring with the dissent):

I concur with Mr. Justice Tuckett's dissent since I think the legislature in passing the drug act had in mind Belt v. Turner, 25 Utah 2d 230, 479 P.2d 791, decided January 20, 1971, which in my opinion overruled State v. Miller, 24 Utah 2d 1, 464 P.2d 844 (Feb. 5, 1970). In the Belt case we said that where an offense was committed and prosecuted and the accused was convicted under the legislation existing at the time of the offense, he was subject only to a penalty prescribed by the legislation made effective *after* such conviction, but *before* sentence. In the instant case the legislature seems to have adopted the new version of this court in the Belt case,— which effectively killed the Miller case. I think the legislation here was and is somewhat ambiguous but just as sensibly and logically can mean that if the sentence were not pronounced before the effective date of the enactment, the accused is not subject to the previous act, neither would the defendant be bound if the "prosecution" were not started before such effective date. The one conclusion makes as much sense as the other, and in view of the possibility, I agree with the dissent, which logically would

seem to require the main opinion to adjust itself to the Belt case. This court, in my opinion, now finds itself impaled on a tri-pronged horn of a multi-pronged dilemma.