**Rodney ROSE, Plaintiff and Appellant,**

**v.**

**Samuel SMITH, Warden, Utah State Prison, Defendant and Respondent.**

**No. 14013.**

Supreme Court of Utah.

Sept. 15, 1975.

---

1. *State v. Kirkman*, 20 Utah 2d 44, 432 P.2d 638; *State v. Christian*, Utah, 533 P.2d 872.

Lynn R. Brown, of Salt Lake Legal Defenders, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

HENRIOD, Chief Justice:

Appeal from the denial of a petition for writ of habeas corpus. Affirmed.

Rose was convicted of a narcotics charge (Title 58–33–6(1), U.C.A.1953) in April, 1972, which was a felony. He appealed and the conviction was affirmed but thereafter filed a series of three consecutive petitions for writs of habeas corpus in the State Second District Court, the Federal Court and the State Third District Court. In each one he repeated what he is urging here. He now appeals the dismissal of the petition in the Third District Court.

This court has spoken in a number of different cases, involving the same situation,[1] which are dispositive here.

Defendant relied entirely on some dictum in one of our recent cases,[2]—which dictum inadvertently stated the penalty for the offense—which, however, did not represent the law of that case which was decided on different grounds.

There appears to be no merit to this appeal and we so hold.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

1. *Brown v. Turner*, 21 Utah 2d 96, 440 P.2d 968 (1968); *Bryant v. Turner*, 19 Utah 2d 284, 431 P.2d 121 (1967); *Zumbrunnen v. Turner*, 27 Utah 2d 428, 497 P.2d 34 (1972).

2. *State v. Conover*, 28 Utah 2d 335, 502 P.2d 552 (1972). The sections of the statutes cited

in this case defining the status of the offense, were in error as to time of commission, having been repealed by Chapter 177, Laws of Utah, 1969 (reenacting Title 58–33–4 and 6, U.C.A. 1953).