STATE of Utah, Plaintiff and Appellee,

v.

William N. DICKEY, Defendant
and Appellant.

No. 910556–CA.

Court of Appeals of Utah.

Nov. 3, 1992.

Carlos A. Esqueda, Salt Lake City, for plaintiff and appellee.

Roger S. Blaylock, Salt Lake City, for defendant and appellant.

Before BENCH, BILLINGS and GREENWOOD, JJ.

GREENWOOD, Judge:

Defendant William N. Dickey appeals the circuit court's decision requiring him to complete payment of previously ordered restitution on the ground that the court lacked jurisdiction over him after the period of his probation expired. While acknowledging the termination of defendant's probation, because we find that the court retained jurisdiction over defendant on alternate grounds, we affirm.

## BACKGROUND

On August 8, 1985, defendant entered a guilty plea to an amended charge of Criminal Mischief, a class B misdemeanor. The charge against him resulted from a vandalism spree on June 11, 1985, during which he and a companion fired BB's from an air gun, shattering windows in cars, homes, and stores located in West Valley City and belonging to sixty-six different individuals.

Based on defendant's plea, on November 19, 1985, the trial court ordered him to pay $4,065.26 in restitution and sentenced him to 180 days in jail. The court suspended sentence upon the conditions that defendant (1) complete twelve months probation with no further violations of the law, and (2) make payments of $200.00 per month toward restitution. Within three months of this order, defendant failed to make timely payment on an installment and after July, 1986, made no further payments.

Apparently because the trial court's newly installed computer system did not track the restitution payment schedule and forward information about non-payment to the court, the trial court did not enforce the restitution order for some time. On March 10, 1989, however, an order to show cause was filed to inquire into defendant's failure to comply with the restitution order. After several unsuccessful attempts to serve defendant with notice, defendant was eventually arrested on July 5, 1991. He then requested a hearing at which he challenged the trial court's jurisdiction. Defendant moved to have the case dismissed, claiming that the statutory period of his probation lapsed before the court had attempted to enforce restitution, a condition of that probation.

The trial court ruled that based upon Utah Code Annotated section 77–18–1(13) (Supp.1985), it retained jurisdiction over defendant. The court reasoned defendant had impliedly agreed to an extension of probation throughout the time period necessary for him to pay restitution. The court then ordered defendant to pay $2,604.26, the outstanding balance of restitution, and entered a judgment to that effect on October 16, 1991.

The single issue raised by defendant on appeal is whether the trial court erred in ruling that its jurisdiction to enforce the original restitution order continued because defendant's probation had not terminated as a matter of law. The trial court and counsel conceptualized jurisdiction over defendant for the purpose of collecting restitution as necessarily dependent upon extending probationary jurisdiction over defendant. While we find this analysis of the jurisdiction issue to be incorrect, it did not unfairly prejudice defendant. The trial court relied upon statutes which, when properly interpreted, afford the court adequate authority to enforce the restitution order.[1]

## STANDARD OF REVIEW

Whether a court has personal jurisdiction over a defendant is a question of law. *Dept. of Social Services v. Vijil,* 784 P.2d 1130, 1132 (Utah 1989). In analyzing the jurisdictional issue on appeal, therefore, we review the trial court's determination for correctness, giving no deference to its conclusion. *Id.*

In this case, the jurisdictional issue relates to the court's authority over a criminal defendant to enforce an order of restitution. Because "[j]urisdiction to order

---

1. We may affirm the decision of the trial court on different grounds than those relied upon by the trial court. *See IFG Leasing Co. v. Gordon,* 776 P.2d 607, 616 (Utah 1989); *State v. Mendoza,* 748 P.2d 181, 186 (Utah 1987); *State v. Godina–Luna,* 826 P.2d 652, 654 n. 1 (Utah App. 1992).

restitution in a criminal case is statutory," we must interpret relevant Utah statutes to resolve this issue. 24 C.J.S. *Restitution* § 1771 (1989). Construction of statutes poses a question of law which we review on appeal for correctness without deference to the trial court. *State v. Petersen*, 810 P.2d 421, 424 (Utah 1991).

## ANALYSIS

The sole issue on appeal is whether, at the time of the hearing on August 23, 1991, the trial court had jurisdiction to enforce its previous restitution order. Defendant claims that the court lost jurisdiction over him for the purpose of compelling him to pay the outstanding restitution debt. He argues that jurisdiction ended because restitution was a condition of probation which the trial court did not attempt to enforce before his probationary period terminated as a matter of law.

The court's power to adjudicate the rights and liabilities of defendant in regard to his duty to pay restitution depends upon its ability to establish personal jurisdiction over defendant. *Dept. of Social Services*, 784 P.2d at 1132. Whether the trial court had jurisdiction in this case depends both on (1) interpretation of the statutory parameters of probation and restitution at the time defendant was sentenced, and (2) an assessment of whether the trial court acted within these limitations in claiming jurisdiction over the defendant.

While we agree with defendant that the court's jurisdiction regarding his compliance with probation conditions had lapsed, we conclude that, at the time of defendant's sentencing in 1985, the restitution remedy itself provided the trial court an alternate jurisdictional basis under which to compel defendant's payment of restitution. In addition to authorizing the court to make payment of restitution a condition of probation, *see* Utah Code Ann. § 77–18–1(8) (Supp.1985),[2] Utah statutes also accord-

ed restitution separate legal effect that paralleled probation in sentencing and judgments, *see id.* at § 77–18–1(7); *see also id.* at §§ 76–3–201 to –201.1 (Supp.1985). These provisions in Utah's criminal statutes described a separate purpose for restitution, provided independent guidelines for its computation and criteria for its scheduling, mandated a specific procedure for court enforcement, and expressly provided for trial courts' jurisdiction over the defendant until payment completion.

The parties do not dispute the authority of the trial court to enforce payment of restitution as a condition of probation. Utah Code of Criminal Procedure section 77–18–1(8) expressly provided that "[w]hile on probation and as a condition of probation, the defendant shall be required to make restitution or reparation to the victim or victims ... for pecuniary damages ... caused by the offense to which the defendant has pleaded guilty." Other sections outlined procedures for non-compliance with probationary conditions, requiring a hearing and determination of violation, after which the court could order revocation, modification, or continuation of probation. *Id.* at §§ 77–18–1(9) to –1(13).

The parties disagree, however, on the effect that the statutory provision terminating probation has on the court's ability to enforce an unsatisfied restitution order. The legislature directed that "[u]pon completion without violation of ... six months [probation] in class B misdemeanor cases, the offender shall be terminated from sentence." Utah Code Ann. § 77–18–1(10)(a). At the hearing, the trial court claimed that the expiration of the statutory probation period should not affect its ability to enforce a condition of probation because, by agreeing to a schedule for payment of restitution that extended beyond the probationary period, defendant waived the right to contest the extension of probation. On appeal, the State further argues that, based on a "tolling theory" jurisdiction con-

---

**2.** The trial court specifically relied on Utah Code Ann. § 77–18–1 (Supp.1985) in the Code of Criminal Procedure as the statutory provision controlling both the probation and restitution components of defendant's judgment. The leg-

islature has modified the 1985 version applicable to this case on multiple occasions, most recently in 1992. *See* 1992 Utah Laws ch. 14 § 3.

tinued because the failure to pay restitution retained the character of breach of a probationary condition regardless of when it was enforced.

■ In *State v. Green*, 757 P.2d 462 (Utah 1988), however, the Utah Supreme Court conclusively negated any discretion on the part of the trial court to extend probationary jurisdiction to enforce conditions of probation unless extension proceedings were timely initiated. The court held that if a statutory probationary period expired prior to any notice to the court of violation of the conditions of probation, the trial court lacked jurisdiction to enforce a condition of that probation. *Id.* at 464–65; *see also State v. Kahl*, 814 P.2d 1151, 1152–53 (Utah App.1991) (probation violation proceeding valid where initiated but not completed prior to expiration of probation term), *cert. denied*, 843 P.2d 516 (Utah 1992).

The *Green* court concluded that the legislature, not the judiciary, holds the power to define crimes and to fix any punishment for those crimes that is not cruel or unusual. *Green*, 757 P.2d at 463 (discussing *State v. Bishop*, 717 P.2d 261, 263–64 (Utah 1986)). Specific legislative directives limiting judges' sentencing discretion, therefore, require judges to exercise their power to revoke or extend probation within the time limit provided by the statute. *See id.* at 464. An interpretation of the statute allowing for indeterminate probationary jurisdiction would leave defendants "in a perpetual state of limbo" where even after probation appeared to have terminated "defendants would actually be subject to a continued term of fictional supervision." *Id.* (citing *In Re Flint*, 25 Utah 338, 71 P. 531, 531 (1903)).

■ In the case at bar, defendant's probationary period had terminated as a matter of law on November 19, 1986,[3] substantially before August 23, 1991, the date

when the trial court claimed ongoing jurisdiction to enforce the probationary condition of restitution payment. The holding of *Green* precludes the trial court from extending probation jurisdiction in order to compel payment of overdue restitution at this later time. Probation jurisdiction automatically terminated for all purposes at the end of the probation period. *Id.* at 464–65.

The *Green* court, however, recognized the validity of the State's concern that "terminating the court's jurisdiction simultaneously with the probation period [would] frustrate the public policy underlying probation, because a probationer who commits a violation has ignored the obligations set forth in the probation agreement, has violated the trust associated with the probation and has endangered the public." *Id.* at 464. That court, therefore, suggested that actions by defendants which would have constituted probation violations during their probationary period should "be punished on their own merits." *Id.*

■ In this case, counsel did not recognize restitution as an independent concept enforceable by the court on its "own merits."[4] While we believe this is mistaken, we note that the misperception is fostered by the fact that provisions governing orders for both probation and restitution are scattered throughout multiple subsections of the criminal procedure statute, Utah Code Ann. § 77–18–1; the two punishments are intertwined by making one a condition of the other, *id.* at § 77–18–1(8); and the timetables for each necessarily overlap.

Because the *Green* case precludes the possibility of continuing probationary jurisdiction to enforce conditions of probation, this court must decide whether, in fact, Utah recognizes restitution as an independent legal remedy under the applicable criminal code and grants the court independent jurisdiction to compel its payment. To make this determination, we must review and interpret the relevant statutory di-

---

3. Although the trial court originally assigned the defendant to one year of probation for the class B misdemeanor to which he pleaded guilty, at the time of sentencing the probationary period authorized by Utah Code Ann. § 77–18–1(10)(a) was actually only six months.

4. Defendant did not dispute the right of the victims to enforce the civil restitution order obtained in this case.

rectives on restitution in both the Criminal Code subchapter on *Sentencing,* Utah Code Ann. §§ 76–3–201 and –201.1, and the Code of Criminal Procedure subchapter on *Judgments, id.* at § 77–18–1.

Utah case law supports the proposition that these provisions for sentencing and judgments should be analyzed together to determine the legal status of the restitution remedy. These provisions are logically connected because, "in the technical sense, sentence is ordinarily synonymous with judgment, and denotes the action of a court of criminal jurisdiction formally declaring to the accused the legal consequences of the guilt which he has confessed or of which he has been convicted." *State v. Fedder,* 1 Utah 2d 117, 262 P.2d 753, 755 (1953); *see also Blacks Law Dictionary* 1222 (5th ed. 1979). "[B]ecause of the interchangeable use of the terms 'sentence' and 'judgment,' our Code of Criminal Procedure was compiled with this common law definition in mind." *Fedder,* 262 P.2d at 755. Furthermore, in construing provisions of the Utah Criminal Code, we must consider "the fair import of their terms to promote justice and to effect the objects of the law." Utah Code Ann. § 76–1–106 (1990). Statutory provisions should be interpreted to give all terms their full effect. *See, e.g., Shurtz v. BMW of N. Am., Inc.,* 814 P.2d 1108, 1112 (Utah 1991).

Integrated analysis of applicable provisions in chapters 76 and 77 supports the conclusion that the State can enforce restitution as both a condition of probation pursuant to Utah Code Annotated section 77–18–1(8), and as a separate and independent component of the court's judgment and the defendant's original sentence under Utah Code Annotated sections 76–3–201(3) & –201.1(1) to –201(5). The expiration of the court's jurisdiction to require payment of restitution as a condition of probation, therefore, does not diminish the enforceability of restitution as an independent component of the sentence decreed in the judgment.

The legislature expressly accorded restitution this independent significance for sentencing purposes. It gave the trial court both discretion in sentencing to select one or a combination of options including probation, *see id.* at § 76–3–201(1), and a mandate to order restitution when appropriate: "When a person is adjudged guilty of criminal activity which has resulted in pecuniary damages, *in addition to any other sentence it may impose, the court shall order that the defendant make restitution* " to victims unless it determines that restitution is inappropriate, *id.* at § 76–3–201(3)(a) (emphasis added); *see also State v. Snyder,* 747 P.2d 417, 420 (Utah 1987).

Furthermore, although the timetables for restitution and probation may overlap, the legislature has instructed courts to determine the length of each based upon entirely different criteria. Statutes require that the court determine whether to order restitution based upon "the financial resources of the defendant and the burden that payment of restitution will impose," *id.* at 76–3–201(3)(b)(i), and "the ability of the defendant to pay restitution on an installment basis," *id.* at § 76–3–201(3)(b)(ii). By contrast, the decision to order probation depends on whether "it appears compatible with the public interest" and the timetable is at the discretion of the judge "unless otherwise provided by law." *Id.* at § 77–18–1.

In addition, the statutory procedures for non-compliance with court orders to pay overdue restitution under Utah Code Annotated section 76–3–201.1 differ from and are unrelated to the probation modification penalties for failure to fulfill conditions of probation under Utah Code Annotated section 77–18–1. While, as pointed out in *Green,* the legislature required that the procedure to penalize a defendant for a violation of a condition of probation be instituted before the end of the statutory period of probation, it expressed no similar limitation on enforcement of restitution.

█ Thus, statutory language expressly establishes that regardless of whether restitution is made a condition of probation, it has independent integrity and legal effect. More importantly, the legislature also provided that the court had the authority and

the jurisdiction to enforce restitution in lieu of probation or after its termination.

> When a defendant sentenced to pay a fine or to make restitution defaults in the payment thereof or of any installment, *the court on motion of the county attorney,* victim, or *upon its own motion* may require him to show cause why his default should not be treated as contempt of court, and may issue a show cause citation or a warrant of arrest for his appearance.

*Id.* at § 76–3–201.1(1) (emphasis added).

The legislature also provided the trial court with a specific basis for jurisdiction over a defendant to enforce payment of restitution. The subsection of the *Judgment* statute controlling the jurisdiction issue reads in its entirety:

> In cases where an 18–month probation term in felony and class A misdemeanor cases or a six-month term in class B misdemeanor cases has been completed without violation, but fine or restitution orders are still outstanding, supervision by the Department of Corrections shall be terminated pursuant to this section. In class B misdemeanors where probation supervision is not provided, the court may order the Department of Corrections to monitor the payment of any fine or restitution ordered and give the court notice of the completion of payment or the failure of the defendant to make payment as ordered. *The court may retain jurisdiction for the purposes of collecting the fines or restitution.* In these cases, the court may order the Department of Social Services to enforce

the collection, and the Office of Recovery Services may withhold the cost of collection from any recovered fine or restitution.

*Id.* at § 77–18–1(13) (emphasis added).

■ At first glance this section may appear to merge instructions for probation with restitution.[5] This court concludes, however, that the subsection is actually intended to insure that mandatory termination of probation not affect the trial court's jurisdiction for the purpose of collecting restitution. The legislature anticipated both situations where the court might order restitution but no probation and situations where the court might decide upon a payment schedule for restitution which would extend beyond the probation period. The legislature, therefore, provided a separate, limited source of jurisdiction by which the court could recall a defendant and hold him or her accountable for full payment of restitution or fines according to the sentencing order to which defendant had previously agreed.[6]

■ Throughout his appeal, defendant acknowledged the victims' right to bring him before the court to enforce the restitution order civilly. The above statutory interpretation, however, recognizes multiple avenues for enforcement of restitution. This interpretation comports with related statutory language providing: "[F]ailure to make restitution or any installment thereof may be collected *by any means authorized by law for the enforcement of a judgment.* The county attorney may collect

---

5. In fact, while the State correctly referenced this subsection in its brief as controlling the issue of jurisdiction at the time of defendant's sentencing, it incorrectly ellipsed the statutory language thereby collapsing instructions for terminating probation into the separate directive authorizing continued jurisdiction for the purpose of collecting restitution. In this manner, it perpetuated the misconception of the trial court that probation needed to be extended in order to retain jurisdiction over defendant to collect restitution.

6. Defendant interpreted section 77–18–1(13) as "no more than a civil judgment provision" and argued that the court's order to the county attorney to prepare a civil judgment converted crimi-

nal restitution into simply a private civil judgment enforceable only by the victims. As a result, defendant claims that the court inadvertently "released Mr. Dickey from payment of restitution and can no longer argue that jurisdiction over him still exists."

We cannot adopt this interpretation of the statute in the face of express language allowing the court to "retain jurisdiction for the purposes of collecting the *fines* or *restitution.*" Utah Code Ann. § 77–18–1(13) (emphasis added). Because victims have no authority to enforce fines, equating jurisdiction for the collection of fines with jurisdiction to collect restitution precludes an interpretation of the provision as limiting jurisdiction to civil enforcement by victims.

restitution in behalf of a victim." *Id.* at § 76–3–201.1(5) (emphasis added).

 Finally, recognizing that, based on Utah Code Annotated section 77–18–1(13), the trial court and the victim have concurrent jurisdiction to collect restitution does not place the defendant in a perpetual state of limbo with "no guidelines or limitation of the court's reach into the future" as argued by defendant. The same *Judgment* chapter of the criminal code controlling imposition of probation and restitution also provides a method to determine the specific time frame during which restitution remains collectable: "A judgment which orders the payment of a fine or payment of restitution to a victim pursuant to section 76–3–201, constitutes a lien when recorded in the judgment docket and shall have the same effect and is subject to the same rules as a judgment for money in a civil action." *Id.* at § 77–18–6 (Supp.1985). "The lien shall continue for eight years unless the judgment is previously satisfied." *Id.* at § 78–22–1 (Supp.1985). Based upon these statutory directives, this court finds that the trial court properly exercised its jurisdiction to enforce the restitution order within the time period allowed.

Our decision to recognize the court's authority to enforce restitution independently from its status as a condition of probation finds support in commentary describing the multi-faceted nature of restitution. *See Restitution,* 24 C.J.S. §§ 1771 to 1782. While historically restitution has been intended to repay victims for the damages resulting from the defendant's criminal activity, its purpose is also tied to punishment, deterrence and the court's estimation of the defendant's damage to the community. In the rehabilitative sense, "restitution is ordered only as it is relevant in correcting defendant's behavior and as a step to accomplishing traditional purposes of pun-

ishment, and is in fact considered to be a form of punishment." *Id.* at § 1772. "The feasibility of rehabilitating the criminal and protection of the public are proper factors for the court to weigh in deciding whether restitution is appropriate in a given case." *Id.* at § 1775.[7]

Specific facts in this case demonstrate sound public policy reasons behind allowing the court as well as individual victims to enforce restitution. During defendant's vandalism spree, he damaged the property of sixty-six individual victims. While the collective damage constituted a felony which was later plea bargained to a class B misdemeanor, the damage to each individual victim was minimal (between $26.44 and $246.06). Conceivably, therefore, few if any of the victims will attempt to enforce their claim against the defendant as a civil judgment. However, defendant's destructive spree, in addition to destroying private property, also threatened the community in a manner that the community might be highly motivated to deter. Recognizing the continuing jurisdiction of the court, therefore, furthers the public purpose of using restitution to repay both the victim and society.

## CONCLUSION

Throughout the trial court proceedings leading to this appeal, the trial court and counsel discussed the issue of the court's authority over defendant as inextricably intertwined with the court's jurisdiction over defendant during the period of his probation. However, based upon interpretation of then applicable statutory language, we have determined that the trial court's jurisdiction over defendant to collect restitution continued independent of its authority to monitor his compliance with probation conditions. Our interpretation is consistent with public policy and stated purposes of restitution. Because we find

---

7. Utah's apparent recognition of the punitive and deterrent aspects of restitution explains certain statutory provisions controlling sentencing. The Utah legislature allowed the court *to* require the defendant to "make restitution up to *double* the amount of pecuniary damages to the victim or victims." Utah Code Ann. § 76–3– 201(3)(a) (emphasis added). Furthermore, in determining whether to order complete, nominal or partial restitution, it expressly instructed the court to take into account "the rehabilitative effect on the defendant of the payment of restitution." *Id.* at 76–3–201(3)(b)(iii).

sufficient jurisdictional grounds allowing the court to enforce the restitution order, we affirm the trial court's order.

BENCH and BILLINGS, JJ.