2000 Utah Ct. App. 211

**STATE of Utah, Plaintiff and Appellee,**

v.

**Marla NONES, Defendant and Appellant.**

**No. 990405–CA.**

Court of Appeals of Utah.

July 7, 2000.

Catherine E. Lilly and Ronald S. Fujino, Salt Legal Defender Association, Salt Lake City, for Appellant.

Jan Graham, Attorney General and Jeffrey S. Buckner, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges GREENWOOD, JACKSON, and ORME.

## OPINION

JACKSON, Associate Presiding Judge:

¶ 1 Defendant Marla Nones appeals a post-conviction order denying her motion for review of restitution. She challenges the trial court's continuing jurisdiction over the case after court-ordered probation ended. We affirm.

## BACKGROUND

¶ 2 In 1992, the trial court sentenced Nones to one year of probation after her conviction for Criminal Mischief. The trial court ordered restitution as a condition of

that probation. In March 1994, the trial court properly revoked and reinstated Nones's probation for one year.

¶ 3 In October 1994, after Nones fulfilled all the conditions of her probation except paying restitution, Adult Probation and Parole (AP & P) recommended to the trial court that it supervise the balance of Nones's probation. The trial court accepted this recommendation and ordered AP & P to monitor collection of the remaining restitution.

¶ 4 In July 1998, AP & P notified the trial court that Nones had not paid restitution since August 1997. Nones then filed a pro se motion for review of the 1992 restitution order. Nones later filed a supplemental memorandum arguing that probation expired as a matter of law in March 1995 and that the trial court did not have jurisdiction to enforce its restitution order. In April 1999, the trial court denied Nones's motion. Nones appeals.

## STANDARD OF REVIEW

¶ 5 Whether personal jurisdiction exists is a question of law and we review the trial court's determination on jurisdictional issues for correctness, giving no deference to the trial court's decision. *See State Dep't of Soc. Servs. v. Vijil*, 784 P.2d 1130, 1132 (Utah 1989). "[T]he jurisdictional issue relates to the court's authority over a criminal defendant to enforce an order of restitution. Because '[j]urisdiction to order restitution in a

---

criminal case is statutory,' we must interpret relevant Utah statutes to resolve this issue." *State v. Dickey*, 841 P.2d 1203, 1204–05 (Utah Ct.App.1992) (citation omitted; alteration in original). We review issues of statutory construction for correctness. *See id.* at 1205.

## ANALYSIS

¶ 6 Because Nones's probation was not extended according to the terms for extending probation found in Utah Code Ann. § 77–18–1(8), (10) (Supp.1992), independent jurisdiction over enforcement of restitution orders must exist to enable us to affirm the trial court's decision.[1] Applying the reasoning found in *State v. Dickey*, 841 P.2d 1203 (Utah Ct.App.1992), to the statutes in force when Nones was convicted, we hold that the trial court retained jurisdiction under Utah Code Ann. §§ 76–3–201 (Supp.1992) and 76–3–201.1 (1990) to enforce its 1992 restitution order.[2]

¶ 7 In *Dickey* we stated: "In addition to authorizing the court to make payment of restitution a condition of probation, Utah statutes also accorded restitution separate legal effect that paralleled probation in sentencing and judgments." *Dickey*, 841 P.2d at 1205 (citation and footnote omitted). Because there was no material change in the statute conferring this separate basis for enforcing restitution orders, the *Dickey* holding still applies to the relevant statutes effective when Nones was sentenced in 1992.[3]

---

1. As an alternate basis for affirmance, the State has argued Nones waived the notice and hearing requirements of Utah Code Ann. § 77–18–1(10) (Supp.1992), and the court thus properly retained jurisdiction over Nones as a bench probationer. This argument fails because waiver must be knowing and voluntary. *See State v. Martin*, 976 P.2d 1224, 1227 (Utah Ct.App.1999). We are not persuaded that Nones's continued payment of restitution after her probation expired, by itself, constituted a waiver.

2. *Dickey* was decided under the 1985 versions of the statutes in question here. *See State v. Dickey*, 841 P.2d 1203, 1205 (Utah Ct.App.1992). These statutes had changed by the time of Nones's conviction in late 1992 so we revisit the *Dickey* holding to clarify the effect of the 1992 provisions. Because "[t]he general rule is that a

change in the law has only prospective effect," *State v. Salmon*, 612 P.2d 366, 368 (Utah 1980), and Nones's rights vested when she was convicted in 1992, the 1992 statutory provisions apply to Nones. *See Dickey*, 841 P.2d at 1205 ("Whether the trial court had jurisdiction in this case depends ... on ... interpretation of the statutory parameters of probation and restitution at the time defendant was sentenced ....").

Further changes in the statutes have occurred since 1992. We express no opinion about the applicability of our holding today to the language of the current statutes.

3. The relevant statutes are reproduced below in pertinent part, with the newer version of each code section listed first. The two versions of Section 76–3–201(3) are listed before the versions of Section 76–3–201.1. The changed language is underlined.

Note 3 continued

(3)(a)(i) When a person is adjudged guilty of criminal activity which has resulted in pecuniary damages, in addition to any other sentence it may impose, the court shall order that defendant make restitution up to double the amount of pecuniary damages to the victim or victims of the offense of which the defendant has pleaded guilty, is convicted, or to the victim of any other criminal conduct admitted by the defendant to the sentencing court unless the court in applying the criteria in Subsection (3)(b) finds that restitution is inappropriate. Whether the court determines that restitution is appropriate or inappropriate, the court shall make the reasons for the decision a part of the court record.
....

(b) In determining whether or not to order restitution, or restitution which is complete, partial, or nominal, the court shall take into account:

(i) the financial resources of the defendant and the burden that payment of restitution will impose, with regard to the other obligations of the defendant;

(ii) the ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court;

(iii) the rehabilitative effect on the defendant of the payment of restitution and the method of payment; and

(iv) other circumstances which the court determines make restitution inappropriate.
Utah Code Ann. § 76–3–201(3) (Supp.1992).

(3)(a) When a person is adjudged guilty of criminal activity which has resulted in pecuniary damages, in addition to any other sentence it may impose, the court shall order that the defendant make restitution up to double the amount of pecuniary damages to the victim or victims of the offense of which the defendant has pleaded guilty, is convicted, or to the victim of any other criminal conduct admitted by the defendant to the sentencing court unless the court in applying the criteria in Subsection (b) finds that restitution is inappropriate. If the court determines that restitution is appropriate or inappropriate, the court shall make the reasons for the decision a part of its written order.

(b) In determining whether or not to order restitution, or restitution which is complete, partial, or nominal, the court shall take into account:

(i) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

(ii) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court;

(iii) The rehabilitative effect on the defendant of the payment of restitution and the method of payment; and

(iv) Other circumstances which in the opinion of the court shall make restitution inappropriate.

*Id.* § 76–3–201(3) (Supp.1985).
The two versions of section 76–3–201.1 follow:

(1) When a defendant sentenced to pay a fine or to make restitution defaults in the payment of any installment, the court on motion of the prosecution, victim, or upon its own motion may require him to show cause why his default should not be treated as contempt of court, and may issue a show cause citation or a warrant of arrest for his appearance.

(2) Unless the defendant shows that his default was not attributable to an intentional refusal to obey the order of the court or to a failure on his part to make a good faith effort to make the payment, the court may find that his default constitutes contempt and may order him committed until the fine or the restitution, or a specified part of it, is paid.
....

(4) The term of imprisonment for contempt for nonpayment of fines or failure to make restitution shall be set forth in the commitment order.

(5) If it appears to the satisfaction of the court that the default in the payment of a fine or restitution is not contempt, the court may enter an order allowing the defendant additional time for payment, reducing the amount of the payment or of each installment, or revoking the fine or order of restitution or the unpaid portion in whole or in part.

(6)(a) A default in the payment of a fine or costs or failure to make restitution or any installment may be collected by any means authorized by law for the enforcement of a judgment.

(b) The prosecuting attorney may collect restitution in behalf of a victim.

(c) The levy of execution for the collection of a fine or restitution does not discharge a defendant committed to imprisonment for contempt until the amount of the fine or restitution has actually been collected.
*Id.* § 76–3–201.1 (1990).

(1) When a defendant sentenced to pay a fine or to make restitution defaults in the payment thereof or of any installment, the court on motion of the county attorney, victim, or upon its own motion may require him to show cause why his default should not be treated as contempt of court, and may issue a show cause citation or a warrant of arrest for his appearance.

(2) Unless the defendant shows that his default was not attributable to an intentional refusal to obey the order of the court or to a failure on his part to make a good faith effort to make the payment, the court may find that his default constitutes contempt and may order him committed until the fine or the restitution, or a specified part thereof, is paid.
....

(4) The term of imprisonment for contempt for nonpayment of fines or failure to make restitution shall be set forth in the commitment order.

¶ 8 The versions of sections 76–3–201(3) and 76–3–201.1 in force in 1985—when *Dickey* was decided—remained essentially unchanged in 1992. *See* Utah Code Ann. §§ 76–3–201(3) (Supp.1992) & –201.1 (1990). Thus, the portions of *Dickey* dealing with those provisions still applied when Nones was convicted, including our holding that "the restitution remedy itself provided the trial court an alternate jurisdictional basis under which to compel defendant's payment of restitution." *Dickey*, 841 P.2d at 1205.

¶ 9 In *Dickey* we bolstered that holding by analyzing portions of Utah Code Ann. § 77–18–1 (Supp.1985) together with sections 76–3–201 and –201.1. *See Dickey*, 841 P.2d at 1206–07. An "[i]ntegrated analysis" of these provisions revealed that a restitution order can be enforced as a probation condition, in accord with section 77–18–1, "and as a separate and independent component of the court's judgment and the defendant's original sentence under Utah Code Annotated sections 76–3–201(3) & –201.1(1) to –201[.1](5)." *Id.* at 1207.

¶ 10 We found support for this holding in the discretionary nature of the trial court's sentencing power, the differing criteria for determining the amount of restitution and the manner of payment, and the differing methods for penalizing defendants for noncompliance with restitution orders. *See id.* at 1207–08. The changes in language cited by Nones do not alter the underlying considerations that supported the holding in *Dickey*. Indeed, the changes further clarify the difference between the two independent methods of enforcing payment of restitution.

¶ 11 The 1985 version of section 77–18–1 allowed the trial court to "retain jurisdiction for the purposes of collecting the fines or restitution" after the statutorily prescribed probation time was set to expire. Utah Code Ann. § 77–18–1(13) (Supp.1985). The 1992 version provided that "the court may retain jurisdiction of the case and continue the de-

fendant on bench probation or place the defendant on bench probation for the limited purpose of enforcing the payment of fines and restitution." *Id.* § 77–18–1(8)(a)(ii) (Supp.1992).

¶ 12 The addition of the "bench probation" language did not change the discretionary nature of the trial court's power to "select one or a combination of options including probation." *Dickey*, 841 P.2d at 1207. One possible sentence a trial court could choose was to order restitution but no probation. If, as Nones contends, section 76–3–201.1 applied only after a probation violation was established, a trial court could never enforce a restitution order without also ordering that the restitution be a condition of probation. This result is not in keeping with the intent of sections 76–3–201 and 76–3–201.1 which compel the trial court to order restitution when appropriate. *See* Utah Code Ann. § 76–3–201(3)(a)(i) (Supp.1992) (stating "court shall order that the defendant make restitution" when found guilty of causing pecuniary damage). The 1992 version of section 77–18–1 does not take away from the provisions in sections 76–3–201 and 76–3–201.1, but merely clarifies the jurisdiction retained under section 77–18–1.

¶ 13 The discretionary nature of the power conferred by section 77–18–1(8)(a)(ii), characterized by the word "may," further suggests that continuing probation is only one of the ways a trial court may enforce restitution. Further support for this interpretation is found in section 77–18–1(8)(a)(iii) which allows a victim or prosecutor to make a motion for the defendant to show cause why nonpayment "should not be treated as contempt of court or why the suspended jail or prison term should not be imposed." *Id.* § 77–18–1(8)(a)(iii). The mention of both possible remedies indicates both options are available for enforcing restitution payments. This enforcement could occur only after observing proper procedural mandates for ex-

Note 3 continued

(5) If it appears to the satisfaction of the court that the default in the payment of a fine or restitution is not contempt, the court may enter an order allowing the defendant additional time for payment, reducing the amount thereof or of each installment or revoking the fine or order of restitution or the unpaid portion thereof in whole or in part. A default in the payment of a fine or costs or failure to

make restitution or any installment thereof may be collected by any means authorized by law for the enforcement of a judgment. The county attorney may collect restitution in behalf of a victim. The levy of execution for the collection of a fine or restitution shall not discharge a defendant committed to imprisonment for contempt until the amount of fine or restitution has actually been collected.
*Id.* § 76–3–201.1 (Supp.1985).

tending probation or, in the case of contempt, after allowing probation to expire and having a hearing on an order to show cause. This provision also highlights the different penalties for failing to comply under the independent enforcement provisions. Different penalties suggest the independence of the enforcement provisions.

¶ 14 Finally, as in *Dickey,* public policy supports our interpretation of these statutes. In *Dickey,* we outlined the policy considerations served by the holding that the two restitution provisions confer independent enforcement power on the trial court. *See* 841 P.2d at 1209. Among these are the dual purposes served by allowing independent enforcement—compensating the victim and repaying society—and the increased likelihood that victims will receive compensation given the sometimes low cost-to-recovery ratio in civil actions. *See id.* The 1992 statutory changes continued to serve these policies.

¶ 15 Without independent enforcement power, victims might not receive compensation for damages caused by defendants' crimes. *See id.* Indeed, in cases when the price is high, a defendant might prefer jail for the original offense over paying restitution. If the relationship of the restitution provisions is as Nones contends, such an injustice might occur. In such a case, the public receives its due—punishment of the guilty—but the victim does not. The restitu-

tion provisions in the 1990 and 1992 versions of Chapter 76 allowed a trial court to confine the defendant until restitution is paid. This power is necessary to fulfill the dual purposes of restitution cited in *Dickey. See id.*

## CONCLUSION

¶ 16 We are not persuaded that the clarification in the restitution provision of Chapter 77 negates our holding in *Dickey.* Indeed, all the considerations cited in *Dickey* as supportive of the view that there are two independent enforcement tools conferred on the court remained present even under the statutory language in force in 1992. Because the changes in language noted by Nones do not change the independent enforcement power cited in *Dickey,* we must hold that the trial court, though it did not extend Nones's probation, retained jurisdiction over her for the collection of restitution. Accordingly, we affirm.

We CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and GREGORY K. ORME, Judge.