2000 UT App 340

**STATE of Utah, Plaintiff and Appellee,**

v.

**Daniel Lee ALLEN, Defendant and Appellant.**

**No. 990902–CA.**

Court of Appeals of Utah.

Nov. 30, 2000.

Cindy Barton–Coombs, Roosevelt, for Appellant.

Jan Graham, Attorney General, Catherine M. Johnson, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BENCH, BILLINGS, and DAVIS.

## OPINION

BILLINGS, Judge:

¶ 1 Defendant-appellant Daniel Lee Allen appeals the trial court's order of restitution, arguing that his probation had been terminated and therefore the court had no jurisdiction to enter the order of restitution. We affirm.

¶ 2 Defendant pleaded guilty to one count each of aggravated assault, a second degree felony; unlawful detention, a class B misdemeanor; and possession of a controlled substance, a class B misdemeanor. The trial court sentenced him to one to fifteen years in prison for the aggravated assault and six months in county jail on the other charges, but suspended the sentence, ordering that defendant serve 36 months probation and pay restitution to his victim for her counseling and associated costs. Defendant entered into the probation agreement on November 4, 1996.

¶ 3 On September 10, 1998, the Department of Adult Probation and Parole (APP)

submitted a Progress/Violation Report (the Report) to the trial court. The Report stated that defendant had complied with and completed all terms of his probation agreement and requested that defendant's probation be terminated. The trial court initialed the Report on October 5, 1998, on a line captioned "APPROVED AND ORDERED."

¶ 4 On July 26, August 9, September 20, and October 18, 1999, the trial court held restitution review hearings at defendant's request to clarify its restitution order. Defendant asserted that his probation had been terminated and that he had paid all restitution up to the date of the termination, but, after a hiatus of several months, began to receive new bills for the victim's counseling.

¶ 5 The trial court determined it retained jurisdiction over defendant and could properly impose restitution to cover the continued counseling. The court ordered that defendant pay the victim's medical and counseling bills through October 2000 and provided that the restitution order could be modified only upon a hearing should the victim require treatment past October 2000.

¶ 6 Defendant appeals, claiming he is not responsible for the victim's counseling expenses incurred after October 5, 1998, the date his probation was terminated.

### ANALYSIS

¶ 7 The issue before this court is whether the trial court had jurisdiction to enter the order of restitution. "In analyzing the jurisdictional issue on appeal, [ ] we review the trial court's determination for correctness, giving no deference to its conclusion ." *State v. Dickey*, 841 P.2d 1203, 1204 (Utah Ct.App. 1992).

■ ¶ 8 We assume without deciding for purposes of our analysis that the trial court's initialed minute entry terminated defendant's probation. The general rule is that a trial court may not extend probationary jurisdiction to enforce conditions of probation unless extension proceedings are timely initiated. *See, e.g., Smith v. Cook*, 803 P.2d 788, 793 (Utah 1990); *State v. Green*, 757 P.2d 462, 464 (Utah 1988).

■ ¶ 9 However, Utah law provides an independent legal basis for restitution, allowing a court to require a defendant to pay restitution after his probation has been terminated. *See State v. Nones*, 11 P.3d 709, 2000 UT App 211,¶ 16, 399 Utah Adv. Rep. 14; *State v. Dickey*, 841 P.2d 1203, 1208 (Utah Ct.App.1992).

¶ 10 In *Dickey*, the defendant appealed the trial court's requirement that he complete making previously-ordered restitution payments after the expiration of his probationary term, arguing that the court lacked jurisdiction to enforce the restitution. *See Dickey*, 841 P.2d at 1204. This court held:

> the restitution remedy itself provide[s] the trial court an alternate jurisdictional basis under which to compel defendant's payment of restitution. In addition to authorizing the court to make payment of restitution a condition of probation, ... Utah statutes also accord[ ] restitution separate legal effect that parallel[s] probation in sentencing and judgments....

*Id.* at 1205 (citations and footnotes omitted). We explained:

> Utah's criminal statutes describe[ ] a separate purpose for restitution, provide[ ] independent guidelines for its computation and criteria for its scheduling, mandate[ ] a specific procedure for court enforcement, and expressly provide [ ] for trial courts' jurisdiction over the defendant until payment completion.

*Id.* Thus,

> regardless of whether restitution is made a condition of probation, it has independent integrity and legal effect.... The legislature, therefore, provided a separate, limited source of jurisdiction by which the court could recall a defendant and hold him or her accountable for full payment of restitution or fines according to the sentencing order to which defendant had previously agreed.

*Id.* at 1207–08 (footnote omitted).

¶ 11 Recently, this court reemphasized that trial courts may retain jurisdiction over criminal defendants for purposes of restitution, independent of a defendant's probationary status. In *State v. Nones*, the defendant

argued that under changes in the restitution statute made since *Dickey*, the trial court could not enforce its restitution order against her after probation expired. *See Nones*, 11 P.3d 709, 2000 UT App 211, ¶ 4, 399 Utah Adv. Rep. 14. Applying the reasoning of *Dickey*, we held that the trial court retained jurisdiction despite the Legislature's clarification of the statute.[1] *See id.* at ¶ 16.

¶ 12 In the instant case, we conclude that *Dickey* and *Nones* control our analysis. Defendant entered into a probation agreement which provided that he "pay total restitution to the victim for any counseling and all costs in connection therewith." Whether or not his probation was terminated by the APP Report initialed by the trial court, an independent legal basis exists for the order of restitution.

¶ 13 Defendant asserts his situation is different from that in *Dickey* and *Nones*, in that he was ordered to pay for additional counseling after his probation terminated, whereas in those cases the defendants were in default in making their restitution payments. We do not find this distinction legally significant. Defendant was ordered to pay for necessary counseling. The trial court held four hearings to ensure that the victim's counseling was necessary and was linked to defendant's acts. The court received evidence including a letter and affidavit from the victim's doctor, describing the victim's need for counseling and medication for approximately one year. Thus, the order of restitution payment for the victim's counseling continued only after hearings on the merits. Further, the additional restitution was ordered for a specific period of time and for specific counseling and medication.[2] As we stated in *Dickey*, "[t]he legislature [ ] provid-

ed a separate, limited source of jurisdiction by which the court could recall a defendant and hold him or her accountable for full payment of restitution or fines according to the sentencing order to which defendant had previously agreed." 841 P.2d at 1208 (footnote omitted).

¶ 14 Thus, we conclude the order of restitution was proper and affirm the trial court's order.

WE CONCUR: RUSSELL W. BENCH, Judge, and JAMES Z. DAVIS, Judge.

---

1. We note that the restitution statute has again been modified by the Legislature, so that the version under which defendant was ordered to pay restitution differs from that at issue in *Dickey* and in *Nones*. *See* Utah Code Ann. § 76–3–201 (1996). However, our review of those changes persuades us they do not affect the issue we consider in this case.

2. We caution that in situations such as this, the trial court should hold a hearing to determine that continued restitution payments are appropriate. We can envision a case in which an

open-ended order of restitution could entail ongoing payments, with no definite termination and no procedure to insure that the counseling was necessitated by the defendant's conduct. Such an order, without proper notice and hearing to determine the limits of a defendant's obligation, could result in a violation of a defendant's due process rights. *See, e.g., Christiansen v. Harris*, 109 Utah 1, 8, 163 P.2d 314, 317 (1945) (stating that essentials of due process include fair opportunity to submit evidence, examine, and cross-examine witnesses).