2001 UT App 59

**STATE of Utah, Plaintiff and Appellee,**

v.

**Angela TURNBOW, Defendant and Appellant.**

**No. 990849–CA.**

Court of Appeals of Utah.

March 1, 2001.

Kenneth L. Combs, St. George, for Appellant.

Mark L. Shurtleff and Marian Decker, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges GREENWOOD, BENCH, and ORME.

---

1. Defendant abandoned her argument of ineffective assistance of counsel. Therefore, we do not consider that issue.

2. The relevant facts of this case are not in dispute.

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 Defendant Angela Turnbow appeals her conviction of welfare fraud, a third degree felony, in violation of Utah Code Ann. § 76–8–1201 *et seq.* (1990 & 1995). Defendant claims the trial court lacked jurisdiction to enter a felony conviction after she failed to comply with the terms of her plea in abeyance agreement. We affirm.[1]

## BACKGROUND [2]

¶ 2 Defendant applied for and received public assistance in the form of Aid to Families with Dependent Children (AFDC), food stamps, and medical benefits, from October 1, 1994 to March 31, 1995. As a condition of receiving public assistance, defendant was required to notify the State when any changes in her household composition occurred. During the time period defendant received public assistance, she failed to notify the State that one or more of her children was not living with her; nevertheless, she received benefits on behalf of those children. The total value of the benefits fraudulently obtained exceeded $5,000.

¶ 3 Defendant was charged with welfare fraud. On October 17, 1996, defendant entered into a plea in abeyance agreement with the State. To effectuate the plea in abeyance agreement, defendant agreed to "plea[d] to one count of Welfare Fraud, a third degree felony, [in exchange for] the [c]ourt hold[ing] the charge in abeyance for *18 months.*"[3] (Emphasis added). Defendant further agreed to comply with State and local laws, pay restitution in the amount of $7,997, perform fifty hours of community service, be eligible to apply for public assistance for herself, and be subject to home confinement for thirty days or less.

¶ 4 Defendant, her attorney, and the prosecuting attorney signed the plea in abeyance agreement. The trial court signed the order

---

3. Although the plea in abeyance agreement does not specify an exact date by which it was to be completed, the parties do not dispute that the agreement was to be completed by April 17, 1998, eighteen months after it was signed.

accepting the agreement on October 17, 1996 and set a January 16, 1997 hearing date to review defendant's compliance with the terms of the agreement.

¶5 At the January 16, 1997 hearing, the State reported that defendant had made "no [restitution] payments and no progress was being made." The court admonished defendant that her noncompliance could result in a prison term and scheduled a follow-up hearing for April 17, 1997. At this hearing, defendant was given credit for twenty hours community service, and the prosecutor agreed to provide notice to the court if defendant did not comply with the terms of the plea in abeyance agreement.

¶6 On August 28, 1998, four months after the plea in abeyance agreement was to be completed, the prosecutor filed a motion for order to show cause, requiring defendant to appear and show cause as to why the conviction of welfare fraud should not be entered by the court. The affidavit accompanying the order to show cause stated that defendant had made only one $100 payment towards the $7,997 restitution. The order to show cause hearing was continued several times.

¶7 On May 12, 1999, the State filed a second motion for order to show cause and bench warrant. The accompanying affidavit mirrored the earlier affidavit, except that it also stated, "[a] bench warrant should be issued for the Defendant based on the fact that [the] previous Order to Show Cause was issued by the State and we have been unable to serve the Defendant." Defendant was arrested and booked into the Washington County Jail.

¶8 At two subsequent hearings, the trial court questioned whether it retained jurisdiction to sentence defendant after the term of the plea in abeyance agreement had expired. Defendant admitted she had paid only $100 towards restitution. The trial court concluded, over defendant's objection, that it had jurisdiction, entered a conviction, and sentenced defendant to a zero to five year sentence for the third degree felony. The trial court stayed execution of the sentence and placed defendant on supervised probation.

Defendant now appeals her conviction and sentence.

## ISSUE AND STANDARD OF REVIEW

■ ¶9 Defendant challenges her conviction of welfare fraud, arguing that the trial court lacked jurisdiction to convict and sentence her after the eighteen-month term of the plea in abeyance agreement expired. "[W]e review the trial court's determination on jurisdictional issues for correctness, giving no deference to the trial court's decision." *State v. Nones*, 2000 UT App 211,¶5, 11 P.3d 709.

## ANALYSIS

¶10 A plea in abeyance agreement is defined as "an agreement entered into between the prosecution and the defendant setting forth the specific terms and conditions upon which, following acceptance of the agreement by the court, a plea may be held in abeyance." Utah Code Ann. § 77–2a–1(2) (1999). When a plea in abeyance agreement is approved, the trial court agrees to accept a guilty plea but not, at that time, enter a conviction nor impose a sentence on the condition that the defendant comply with the conditions set forth in the agreement. *See id.* § 77–2a–1(1). Utah's plea in abeyance statute also provides:

A plea in abeyance agreement may provide that the court may, upon finding that the defendant has successfully completed the terms of the agreement:

(a) reduce the degree of the offense and enter judgment of conviction and impose sentence for a lower degree of offense; or

(b) allow withdrawal of defendant's plea and order the dismissal of the case.

*Id.* § 77–2a–3(2) (1999). Additionally, Utah's statute states:

If, at any time *during the term of the plea in abeyance agreement,* information comes to the attention of the prosecuting attorney or the court that the defendant has violated any condition of the agreement, the court, at the request of the prosecuting attorney, made by appropriate motion and affidavit, or upon its own motion, may issue an order requiring the defendant to

appear before the court at a designated time and place to show cause why the court should not find the terms of the agreement to have been violated and why the agreement should not be terminated. If, following an evidentiary hearing, the court finds that the defendant has failed to substantially comply with any term or condition of the plea in abeyance agreement, it may terminate the agreement and enter judgment of conviction and impose sentence against the defendant for the offense to which the original plea was entered. . . .

*Id.* § 77–2a–4(1) (1999) (emphasis added).

¶ 11 The plea in abeyance agreement in this case provides:

6. If at the conclusion of the term of this abeyance term, the Defendant has abided by all of the terms set forth in paragraph five, the Court, on notice to the prosecuting attorney, shall enter a conviction in this matter to one count of Welfare Fraud, a Class A Misdemeanor.

7. If during the term of this diversion program, or at the conclusion of the term of this diversion program, it appears that the Defendant has violated any of the terms set forth [above], the prosecuting attorney may cause the Defendant to be served with an order to show cause why the conviction of Welfare Fraud, a third degree felony, should not be entered by the Court. If upon notice and/or hearing the Court finds that the Defendant has failed to comply with any term set forth [above], the Court may enter the felony conviction.

■ ¶ 12 Defendant argues that the trial court lacked jurisdiction once the term of her agreement expired and therefore her conviction and sentence should be set aside. Specifically, defendant claims that because the eighteen-month period during which the trial court agreed to hold her felony guilty plea in abeyance concluded before her failure to comply with the agreement was formally brought to the trial court's attention, the trial court lacked jurisdiction to impose a sentence upon her for the felony offense to which she had pleaded guilty. Defendant relies on

cases decided under Utah's probation statutes.

¶ 13 These probation cases have generally held "that a trial court may not extend probationary jurisdiction to enforce conditions of probation unless extension proceedings are timely initiated." *State v. Allen,* 2000 UT App 340,¶ 8, 15 P.3d 110. In so doing, the appellate courts have looked to the statutory language, recognizing that "the power to define crimes and fix the punishment for those crimes is vested in the legislature." *State v. Green,* 757 P.2d 462, 463 (Utah 1988). In *Green,* the statute reviewed provided that "[u]pon completion" of the probation period, "the offender shall be terminated from sentence . . . unless the person is earlier terminated by the court." *Id.* at 464. The Utah Supreme Court thus held that the statute did not provide for a "tolling" of the probationary period if a violation occurred during the period. *Id.; see also State v. Moya,* 815 P.2d 1312, 1316 (Utah Ct.App.1991) ("The statute under which defendant's probation was imposed simply does not contemplate tolling upon violation of probation terms where the violation is not properly acted upon in timely fashion." (footnote omitted)). Other probation cases have similarly examined language in the probation statutes as revised from time to time, to determine the legality of probation extension or revocation proceedings. *See, e.g., State v. Rawlings,* 829 P.2d 150, 153 (Utah Ct.App.1992) (holding court had jurisdiction over probation revocation proceedings commenced during probation term even if concluded after term).[4]

¶ 14 Defendant argues that the reasoning of the probation statute cases should be applied to plea in abeyance proceedings to require that proceedings to determine whether a defendant has violated the terms of an abeyance agreement must be initiated prior to expiration of the term of the agreement. The State argues that a plea in abeyance differs from probation in both its statutory provisions and function. Thus, cases decided under the probation statutes are not directly applicable to pleas in abeyance. We agree.

---

**4.** We note that there is statutory authority to enforce a restitution order separately from pro-

bation orders. *See State v. Nones,* 2000 UT App 211,¶ 6, 11 P.3d 709.

¶ 15 We begin by examining the relevant Utah statute to resolve this dispute. *Cf. State v. Nones*, 2000 UT App 211,¶ 5, 11 P.3d 709 (resolving jurisdictional issue in restitution case under relevant provisions of restitution statutes). The applicable statutes are those governing pleas in abeyance and not the probation statutes.[5]

¶ 16 Our case law provides that "[t]he plain language of a statute is to be read as a whole, and its provisions interpreted in harmony with other provisions in the same statute." *Lyon v. Burton*, 2000 UT 19,¶ 17, 5 P.3d 616. As noted previously, section 77-2a-4(1) refers to information that "comes to the attention of the prosecuting attorney or the court," "during the term of the plea in abeyance agreement." Utah Code Ann. § 77-2a-4(1) (1999). Upon appropriate motion based on such information, the court may then issue an order to show cause. This statute, however, does not explicitly state whether the proceedings must be initiated before the end of the term of the agreement. It only states that violation occurring within the term of the agreement known to the prosecutor or the court may trigger a proceeding.

¶ 17 Furthermore, unlike the imposition of probation as part of a sentence, a plea in abeyance does not constitute a final adjudication. *See State v. Hunsaker*, 933 P.2d 415, 416 (Utah Ct.App.1997) (per curiam) (recognizing that an appeal taken from an order on a plea and abeyance agreement does not constitute an appeal from a final order); *State v. Moss*, 921 P.2d 1021, 1025 n. 7 (Utah Ct.App.1996) (stating "a plea in abeyance is not a final adjudication"). This is consistent with section 77-2a-4(1), which provides that the trial court does not enter a conviction when the plea is accepted. When a plea in abeyance agreement is entered into, a conviction and sentence are entered, if at all, only after the agreement's term ends. The plea in abeyance statute provides that if the court finds defendant has complied with the terms of the agreement, the court may enter a conviction for a lesser offense or dismiss the case altogether. *See* Utah Code Ann. § 77-2a-3(2) (1999). The statute also provides that if the court finds that the defendant has not complied with the terms of the agreement, the court may enter a conviction and impose a sentence for the crime to which defendant originally entered a plea. *See id.* § 77-2a-4(1) (1999). Thus, a plea in abeyance anticipates further action by the trial court, and accordingly is not final. In other words, the case remains open until the trial court takes further action to either enter a conviction for the pleaded-to crime or a lesser crime, or dismisses the case. Until that time, the case is in limbo and the defendant's status is unresolved.

¶ 18 Lastly, neither the plea in abeyance statute nor the agreement in this case specifically requires initiation of an order to show cause proceeding for noncompliance before the term of the agreement ends. Rather, in examining the statute and the agreement, we believe they require only that the prosecutor or the trial court be aware of potential noncompliance by a defendant by the conclusion of the term of the agreement. In fact, defendant had until the end of the last day of the agreement's term to comply by fully paying the restitution. Practically speaking, proceedings to question defendant's noncompliance could only follow after the term ended. We conclude that, when read as a whole, the statutory scheme does not divest trial courts of jurisdiction upon the elapse of the time in which a plea is to be held in abeyance. Therefore, although well after the abeyance term, the trial court did not err in entering a conviction and imposing a sentence upon defendant for the offense of welfare fraud to which defendant had already entered a plea of guilty.

## CONCLUSION

¶ 19 Neither the plea in abeyance statute nor the plea in abeyance agreement in this

---

5. *Compare* Utah Code Ann. §§ 77-2a-1 to -4 (1999) (setting forth statutory provisions governing pleas in abeyance), *with id.* at § 77-18-1(2) to -1(17) (1999) (setting forth statutory provisions governing probation).

case prevent the trial court from entering a felony conviction against defendant for welfare fraud. A plea in abeyance, by its very nature, anticipates further action, and therefore it is not analogous to probation. Accordingly, the trial court's decision is affirmed.

¶ 20 WE CONCUR: RUSSELL W. BENCH, Judge, GREGORY K. ORME, Judge.