2014 UT App 113

**STATE of Utah, Plaintiff and Appellee,**

v.

**Annbrosia V. PANTELAKIS, Defendant and Appellant.**

**No. 20130222–CA.**

Court of Appeals of Utah.

May 22, 2014.

---

Heather J. Chesnut and Nathalie S. Skibine, Attorneys for Appellant.

Sean D. Reyes and Kris C. Leonard, Salt Lake City, Attorneys for Appellee.

Senior Judge RUSSELL W. BENCH authored this Memorandum Decision, in which Judges GREGORY K. ORME and MICHELE M. CHRISTIANSEN concurred.[1]

Memorandum Decision

BENCH, Senior Judge:

¶ 1 Annbrosia V. Pantelakis appeals the trial court's termination of her plea in abeyance agreement and entry of her guilty plea to criminal nonsupport, a third-degree felony. *See* Utah Code Ann. § 76–7–201(1), (3) (LexisNexis 2012). We affirm.

¶ 2 Under the terms of the plea in abeyance agreement, Pantelakis was required to, among other things, make monthly payments toward her child support arrearage, make monthly payments toward her restitution obligation, seek a full-time job, and provide weekly reports to her plea in abeyance monitor regarding her efforts to obtain employment. Over the course of eight months following the plea in abeyance, Pantelakis made only two child support payments, made no restitution payments, failed to contact her

plea in abeyance monitor, and applied for only one job—which was unsuitable because it required a background check that Pantelakis could not pass. Following an order to show cause hearing, the trial court found that Pantelakis had violated the plea in abeyance agreement "by not making the payments or by not at least providing the monitor with the efforts that [she had] made to secure employment." In light of Pantelakis's violations and her failure to make "a reasonable effort" to support her children, the trial court terminated the plea in abeyance agreement and entered Pantelakis's guilty plea.

¶ 3 Pantelakis first argues that we should incorporate the willfulness standard for termination of probation articulated in *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), into Utah's statutory scheme governing termination of plea in abeyance agreements. *See* Utah Code Ann. § 77–2a–4 (LexisNexis 2012). Questions of statutory interpretation are legal issues, which we review for correctness. *State v. Lusk*, 2001 UT 102, ¶ 11, 37 P.3d 1103. "Whether a statutory scheme conforms with state and federal constitutional provisions is [also] a question of law." *State v. Lafferty*, 2001 UT 19, ¶ 66, 20 P.3d 342.

¶ 4 "[I]n order for a trial court to revoke probation based on a probation violation, the court must determine by a preponderance of the evidence that the violation was willful." *State v. Peterson*, 869 P.2d 989, 991 (Utah Ct.App.1994). However, "[a] plea in abeyance is ... analytically distinct from probation." *State v. Wimberly*, 2013 UT App 160, ¶ 11, 305 P.3d 1072; *see also State v. Turnbow*, 2001 UT App 59, ¶ 14, 21 P.3d 249 ("[A] plea in abeyance differs from probation in both its statutory provisions and function. Thus, cases decided under the probation statutes are not directly applicable to pleas in abeyance."). Unlike probation, a plea in abeyance is negotiated and entered prior to a conviction. *See Turnbow*, 2001 UT App 59, ¶ 17, 21 P.3d 249. Thus, this court has previously rejected the assertion that the willfulness standard applicable to termination of

**1.** The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

probation also applies in the plea in abeyance context, explaining that "[t]he standard specified by the controlling [plea in abeyance] statute, and uniformly applied by our case law, is substantial compliance." *Wimberly*, 2013 UT App 160, ¶ 13, 305 P.3d 1072; *see also* Utah Code Ann. § 77–2a–4(1) ("If, following an evidentiary hearing, the court finds that the defendant has failed to *substantially comply* with any term or condition of the plea in abeyance agreement, it may terminate the agreement and enter judgment of conviction and impose sentence against the defendant for the offense to which the original plea was entered." (emphasis added)).

■ ¶ 5 Pantelakis nevertheless attempts to raise a constitutional challenge to the Utah Code's substantial compliance standard. *See generally Bearden*, 461 U.S. at 672–73, 103 S.Ct. 2064 (holding that "the fundamental fairness required by the Fourteenth Amendment" makes a finding of willfulness necessary before probation may be revoked for failure to pay a fine or restitution); *Wimberly*, 2013 UT App 160, ¶ 11 n. 2, 305 P.3d 1072 ("The willfulness requirement in probation revocation cases is a judicial creation rather than a statutory one and is necessary for the statute to comply with the Fourteenth Amendment."). This argument is not preserved, and we therefore decline to address it.[2] *See generally State v. King*, 2006 UT 3, ¶ 13, 131 P.3d 202 ("We have consistently held that a defendant who fails to preserve an objection at trial will not be able to raise that objection on appeal unless he is able to demonstrate either plain error or exceptional circumstances."); *Wimberly*, 2013 UT App 160, ¶ 11 n. 2, 305 P.3d 1072 ("[W]e are resolute in our refusal to take up constitutional issues which have not been properly preserved, framed and briefed . . . ." (citation and internal quotation marks omitted)).

■ ¶ 6 Pantelakis next asserts that the trial court erred in terminating her plea in abeyance agreement. "We review a trial court's decision to terminate a plea in abeyance agreement for an abuse of discretion." *Wimberly*, 2013 UT App 160, ¶ 5, 305 P.3d 1072. However, Pantelakis does not attempt to argue that she substantially complied with the terms of the plea in abeyance agreement; she asserts only that her failure to substantially comply was not willful. Therefore, in light of our determination that the Utah Code does not require the trial court to make a finding of willfulness in order to terminate a plea in abeyance agreement, we need not further address her argument.

■ ¶ 7 We reiterate that the statutory standard for termination of a plea in abeyance agreement is substantial compliance. *See id.* ¶ 13. Furthermore, Pantelakis did not preserve her argument that due process requires that the *Bearden* willfulness standard be extended to plea in abeyance agreements. Because we determine that substantial compliance is the appropriate standard to apply, and because Pantelakis makes no attempt to assert that she substantially complied with the terms of the plea in abeyance agreement, we determine that the trial court did not exceed its discretion in terminating the agreement. Accordingly, we affirm.

---

2. Because trial counsel discussed and the trial court weighed Pantelakis's efforts to make the payments and obtain employment in determining whether to terminate the agreement, Pantelakis argues that the trial court implicitly employed a willfulness standard and that her constitutional argument was therefore preserved. Pantelakis asserts that she "had no opportunity to argue below 'for the extension of *Bearden's* reasoning to the substantial compliance requirement in plea in abeyance cases,'" (quoting *State v. Wimberly*, 2013 UT App 160, ¶ 11 n. 2, 305 P.3d

1072), "because the *Bearden* willfulness standard was assumed and accepted by all parties." As Pantelakis points out, however, "[n]either 'willful' nor 'substantial compliance' were mentioned by name during [her] hearing," and we do not think a discussion of her efforts was inconsistent with a substantial compliance analysis. Thus, we are not convinced that the trial court's discussion of Pantelakis's efforts to comply with the plea in abeyance agreement demonstrates that the court assumed the willfulness standard.